## HENRY E. SHIMP *v.* SIEDEL, HASTINGS & CO.

As the plaintiff may maintain an action of indebitators assumpsit on an express contract entire in its nature for the sale and delivery of a specified quantity of goods, and recover for a portion only of them delivered to the defendant as much as it was then reasonably worth, the defendant may also present and give in evidence under the general issue of non assumpsit on the trial of the action, his cross or counter claim against the plaintiff for loss and damage founded on the same contract or growing out of the same business transaction, incurred by him by reason of the refusal or failure of the plaintiff to perform it entirely on his part, without any hindrance or default on the part of the defendant, in reduction of the damages claimed by the plaintiff, or of the amount which may be found to be due him for the portion of the goods so delivered to the defendant. And this is what is meant by the term recoupement as recognized by the courts in this State. It is not however a legal defence to be specially pleaded in such an action in the courts of this State.

ASSUMPSIT on the common counts only and the usual pleas with a further special plea of recoupement to the following effect : that the plaintiff is indebted to the defendants in this action in a larger sum of money than the amount due and owing from them to the plaintiff, to wit, in the sum of five hundred dollars, because the defendants had theretofore bargained with the plaintiff to buy of him and he had sold to them a large quantity of goods, to wit, from forty to sixty thousand bushels of charcoal to be delivered to them during the then coming season at their charcoal house in Wilmington, from time to time as they might require it, of a certain stipulated quality, at the price of ten and one-half cents per bushel, but which he neglected and refused to do to the damage to the defendants to the amount of five hundred dollars. To this plea the plaintiff demurred generally, and upon the joinder of the defendants in the demurrer, two questions were raised in the argument of it, first, whether the subject-matter of recoupement as alleged in the plea would be admissible in evidence against the claim of the plaintiff in the action on the trial of it before the court and jury on the issues of facts joined in it; and if it should be so considered by the court, secondly, can it be properly pleaded as a legal defence to the action.

Shimp *v.* Seidel, Hastings & Co.

*Emmons* (*Lore* with him) for the plaintiff contended, that it could not be admissible in evidence as a defence to the action under the facts of this case which will not be disputed that the plaintiff, as alleged in the plea did agree to sell and deliver a considerable quantity of charcoal, and delivered a large quantity for which this action is brought, but failed to deliver as much as was stipulated for in the agreement. In the practice of this court, however, the doctrine of recoupement has only been recognized and applied in cases where the entire quantity of the goods bargained for were delivered and received, but proved in whole or in part to be inferior in quality and value to that bargained for. Draper *v.* Randolph & Co., 4 Harr., 454; Thompson *v.* Quigley, Houst. But even if the principle in point of practice in our courts be applicable in such a case as this, there is no law or practice in this state under which it can be specially pleaded as a legal defence to the action for the price or value of the goods actually delivered and accepted by the defendant. 1 Ch. Pl., 572; 2 Bour. Law Dic., 425; 7 E. C. L., 37; 3 Camp., 329.

*Higgins* for the defendants. Cited Draper *v.* Randolph & Co., 4 Harr., 454; Thompson *v.* Quigley, Houst.; 14 Wend., 257; Mondell *v.* Steel, 8 M. and W., 858; Withers *v.* Green, 9 How., 214; Van Buren *v.* Digges, 11 How., 461; 2 Smith's Ld. Ca., 50, 52.

*Houston,* J., delivered the opinion of the court. This was an action of assumpsit with the common counts only for a quantity of charcoal sold and delivered by the plaintiff to the defendants to which they pleaded with the other pleas usual in such an action, a special plea of recoupement to the effect that the plaintiff was indebted to them, the defendants, in a larger sum of money than was due and owing from them to him, to wit, in the sum of five hundred dollars, because they had bargained with him to buy of him, and he had sold them a large quantity, to wit, from forty to sixty thousand bushels of charcoal during the then coming season, at ten and a half cents per bushel, to be delivered to

Shimp v. Seidel, Hastings & Co.

them at their charcoal house in Wilmington of a certain stipulated quality, to be furnished from time to time during said season as they might require the same, but which he had refused to do to the damage of the defendants in the sum of five hundred dollars. To which plea the plaintiff demurred generally, and with the joinder of the defendants in the demurrer, two questions were presented for the consideration of the court, first, whether the subject-matter of recoupement alleged in the plea was admissible in evidence against the claim of the plaintiff in the action, and if it should be so considered by the court, secondly, could it be specially pleaded as a legal defence in the action? The fact was that the plaintiff had delivered a portion of the charcoal contracted for, and for which the action had been brought, while the defence pleaded was to recoupe the damages sustained by the defendants, as they alleged in the plea by the refusal of the plaintiff to deliver the whole quantity bargained for.

On the argument of the demurrer the counsel for the plaintiff contended that in such a case as this was, which was simply for the sale and delivery of a quantity of goods of a stipulated quality and at a stipulated price, the principle or doctrine of recoupement did not apply, but that it applied only in such cases where the goods have been delivered, but prove to be different from, or of an inferior quality, either wholly or partially, to those contracted for. Why there should be such a distinction or discrimination in the application of it we cannot perceive, when we consider the reasons which led to the introduction of the modern doctrine and practice on the subject both in England and this country, and particularly in the State of New York, from which we seem to have immediately derived it in the first case ruled on the subject in the Courts of this State, some thirty-five years since. Draper v. Randolph & Co., 4 Harr., 454. Though the term, recoupement of damages by the defendant in a certain class of cases was known and well understood in England, as early as the reign of Henry the Eighth, and occurs in Dyer and Coke's Reports, it was not until about the commencement of the present century that it began to assume, even in

England, the character and application which it now has both in the courts of that country and of this and of our own State. It had been, however, a work of progressive development in the meanwhile which has led to this result.

It was formerly a well-settled principle of the common law that on an express contract for the sale of goods, or for work and labor or service of any kind, the plaintiff could not maintain an action for the price agreed to be paid for the goods, labor, or service without proving the delivery of them or the performance of the labor or service by him pursuant to the terms of the contract; nor for a partial performance of the contract by the delivery of a portion of the goods when the contract was entire in its nature, as in this case; that is to say, when it was for the sale and delivery of a larger quantity of the goods at the price and in the time stipulated in it, unless he had been prevented by the act of the defendant from delivering the balance of them; and that he could not recover in an action of assumpsit for a partial performance of it, either in a special count on the express contract or in the common indebitatus assumpsit count for the value of the portion of the goods delivered to and accepted by the defendant, on an implied promise by the defendant to pay him therefor as much as they were worth, because he could not recover on the special count, as the express contract had not been performed, and he could not recover on the common count for the portion delivered, because the law could not imply any other promise or contract when an express or special one had been made and proved in the case. If, however, the plaintiff had been prevented by the defendant from completely performing the express or special contract, he could recover on the common indebitatus assumpsit count upon the promise which the law would then imply on the part of the defendant to pay for the portion delivered to and received by him, as much as they were worth. And in such a case it was also formerly an established principle of the common law that the only remedy that the defendant had for any damage which he had incurred by the failure of the plaintiff to perform the contract completely,

was an action upon it against him for the breach of it in that respect.

But to avoid circuity and multiplicity of action, it has since been held both in England and in this country, that in such a case as this now before us, such a cross action on the contract by the defendant against the plaintiff to recover for such damage or injury is not necessary; and, while the plaintiff is now permitted in such a case to sue for and maintain an action of indebitatus assumpsit on such an express contract entire in its nature, to recover for the portion of the goods delivered to and received by the defendant, as much as they were then reasonably worth, and without reference to the price stipulated in the contract to be paid for the whole quantity of them, the defendant is also allowed, upon a principle of equal justice and equity to the parties, to present and give in evidence, under the general issue of non assumpsit, his cross or counter claim to that of the plaintiff, founded on the same contract and growing out of the same business transaction, for such loss and damage incurred by him by reason of the refusal or failure of the plaintiff to perform it entirely, without any hindrance or default on his part, in reduction and abatement of the damages claimed by him, or the amount which may be found to be due to him under all the facts and circumstances proved on the trial of the case, for the portion of the goods so delivered by him to the defendant. And this is what we understand is meant by the modern term of recoupement in its application to this case, and especially as it was recognized and applied in the case of Draper v. Randolph & Co., before referred to, in this State. For in that case, although the contract between the parties was, that the iron ore which was the subject-matter of it was to be raised by the plaintiff at his own expense from land belonging to the defendants, and was then to be transported and delivered by him to them at their iron works in the State of New Jersey, at the price per ton and of the quality stipulated in the contract, the ore in question became the sole property of the plaintiff as soon as it was severed from the land of the defendants; and therefore from that time it became a contract merely for the sale and delivery of goods,

28

very similar in its import to the contract in this case, with this difference only, that the defendants in that case refused to pay for the portion delivered to them the price per ton stipulated in the contract, on the ground alleged by them that it was inferior in quality to the stipulation in it; and they were allowed to put that in evidence under the general issue as a counter-claim in recoupement of the damages claimed by the plaintiff. But notwithstanding that difference, we do not think there is any substantial distinction in principle between the two cases, and can see no good reason why it should be allowed in the one case and not in the other.

The principle of recoupement as thus applied in a case like this has been recognized in the case of Mondell *v.* Steel, 8 Mees. & Wells, 858, a comparatively recent case in England, and in many, if not most, of the States of this country, also by the Supreme Court of the United States in the cases of Withers *v.* Greene, 9 How, 214, and Van Buren *v.* Digges, 11 How., 461, and particularly by the courts in the State of New York, whence we first derived it, as we have before remarked, in numerous cases. And recoupement is allowed though both demands are unliquidated damages, for when the demands of both parties spring out of the same contract or transaction, the defendant may *recoupe*, although the damages on both sides are unliquidated; but he can only *set-off* when the demands of both parties are liquidated or capable of being ascertained by calculation. Batterman *v.* Pierce, 3 Hill, 171. Mr. Barbour, in his work on *Set-Off*, p. 26, thus defines it, and says: " Before entering on the subject of set-off more minutely, it will be proper to notice a species of defence somewhat analogous to it in character, which a defendant is in some cases allowed to make, and which is called *recoupement*. This is where the defence is presented as a matter of set-off arising not on an independent contract, but for the purpose of reducing the plaintiff's damages for the reason that he himself has not complied with the cross obligations arising under the same contract."

They have, however, in New York and in other States either statutory provisions or rules and regulations of court on the sub-

Shimp *v.* Seidel, Hastings & Co.

ject of recoupement, under which, in some of them, they allow
it to be specially pleaded in bar of the plaintiff's action when
the counter-claim of the defendant so pleaded covers the en-
tire claim of the plaintiff for damages, as in the case now
before us; but when it is less, and only goes in diminution
and reduction of the plaintiff's claim, it cannot be specially
pleaded, as it cannot be a complete bar to the action, but can
only be presented and put in evidence at the trial under the
general issue on the prescribed notice before given to the other
side of the intention of the defendant to then introduce it. But
as we have no such statutory provision or rule or regulation in
this State, and as even a plea of set-off of mutual debts or de-
mands of a liquidated nature between the parties to an action
is wholly unknown to the common law, and is only provided
for by statute both here and elsewhere, we must hold the plea of
recoupement specially pleaded by the defendants to the declara-
tion of the plaintiff in this case to be bad on the general demur-
rer of the latter to it, and must therefore give judgment upon it
for the plaintiff in the action. But as it has ever been a cardi-
nal object in the policy of the law to avoid circuity and multi-
plicity of action, and the waste of time and expense in needless
litigation, and we fully concur in the wisdom and propriety of
the progressive modifications and improvements which have thus
been made in the body of the common law, as we understand
them, since the commencement of the present century, we must
also hold, at the same time, that it is still competent and allow-
able for the defendants in this action, notwithstanding we have
sustained the general demurrer to the special plea of it, to present
and put in evidence, under the general issue of non assumpsit
on the trial of the case, the matter of the counter or recouping
claim of the defendants, for if we had in this State any statu-
tory provision or rule or practice requiring notice beforehand to
be given to the other side of their intention to do so, but which
we have not, we should still be obliged to hold that the special
plea of recoupement filed of record in this case would suffice for
that purpose, at least, as the plaintiff in every action is bound to
take notice of all pleas filed in the case. And we think it but

proper further to say at this stage of the case, that if the counter-claim of the defendants should turn out on the trial in the estimation of the jury to exceed the amount of damages claimed and found to be due to the plaintiff, the defendants cannot have a verdict for the excess of it, as the law in such a case will not warrant it. It is, however, at the same time, well settled that, in the absence of any statutory provision in regard to the matter, the defendant has his election in such a case to adopt this course by way of recoupement, as it is termed, at the trial of it, or to sue the plaintiff in an independent action on the same contract for the breach of it on his part, and to recover the amount of his counter-claim in damages by reason of it.