### UNITED STATES v. LANEY.
### Civ. No. 2516.

United States District Court,
E. D. South Carolina,
Florence Division.
April 12, 1951.

Ben Scott Whaley, U. S. Atty., Charleston, S. C., for plaintiff.

Sidney S. Tison, Bennettsville, S. C., for defendant.

WARING, Chief Judge.

The United States has brought this suit against the Defendant for the amount of unpaid premium due for a policy of crop insurance issued through the Agricultural Department, 7 U.S.C.A. § 1508. The Defendant does not deny the indebtedness but alleges, by way of answer and counter-claim, that he is entitled to be paid the sum of $8,774.88 damages suffered by his crops and which amount was due him under the insurance. He asks for a setoff of the premium admittedly due and for judgment for the balance.

■ The Plaintiff served upon the Defendant requests for admission of the receipt by the Defendant of letters from Plaintiff giving notice that the Plaintiff refused to recognize the claims. The Defendant answered these requests denying receipt of the letters. But these answers were not under oath as provided by Rule 36(a) of the Rules of Civil Procedure, 28 U.S.C.A., and I, therefore, hold that the requests will be considered as having been admitted. See Beasley v. U. S., D.C., 81 F. Supp. 518; Batson v. Porter, 4 Cir., 154 F.2d 566.

The Government has now moved for summary judgment and to dismiss the counter-claim on the ground that suit for the crop damages was not brought within one year after the claim was refused by the Agricultural Department. See 7 U.S.C.A. § 1508(c). Undoubtedly, this statute bars a suit by the Defendant for recovery.

At the hearing of the motion, Defendant's attorney conceded that the letters above referred to had been received and that an independent suit for the damages set up in his counter-claim would be, therefore, barred. Counsel went further and admitted that he could not sustain his counter-claim for the amount asked for (this was in excess of the premium demanded by the Plaintiff) but stated that he was now basing his claim for an offset upon the ground of recoupment rather than counter-claim. Upon motion made the court allowed the answer to be considered as amended whereby the Defendant set up as recoupment only such amount of damages suffered by him as would offset and cancel the Plaintiff's claim.

This brings us to a consideration of the rather narrow question as to whether a Defendant who is barred by the Statute of Limitations from bringing suit may set up as recoupment a claim in defense of the Government's claim. I think that the test of this matter is whether the recoupment

claimed arises out of the same transaction on which the Plaintiff's action is based. It is clear that in this case it is. The suit by the Plaintiff is for premium alleged to be due on an insurance policy. The Defendant admits owing the premium but claims that the insurance policy was in force and that he suffered losses properly payable under the policy and that he is entitled to offset such losses by way of recoupment against the amount demanded by Plaintiff. As authority for this position, Defendant cites the decision and opinion of the Supreme Court of the United States in Bull v. U. S., 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 and a somewhat similar decision in Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265. On behalf of the Government, it is claimed that the doctrine laid down in the Bull case was modified and limited in the case of Rothensies v. Electric Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296.

A careful reading of the last named case shows that the state of facts in it was quite different from the facts in the Bull and Stone cases. In the Rothensies case, the government assessed taxes for the year 1935 and the taxpayer attempted to set up as a bar and by way of offset and recoupment taxes alleged to have been improperly charged and collected between 1919 and 1922. These alleged over-charges had been long since dead and barred by the Statute of Limitations. They were taxes that had been assessed upon the same theory as the later ones but they did not arise out of the same transaction or for the same taxable periods; and they were not in any way connected. In other words the taxpayer attempted to set up long barred debts allegedly due by the United States as offset and recoupment for claims then in issue and which the Court had decided were due by the taxpayer. The Supreme Court refused to allow this, holding that the Bull case was not applicable. But in no sense did the Court overrule the basic theory of the Bull case.

It is pointed out on behalf of the Government in the argument at bar that in a footnote to the Rothensies case, the Court mentions that in the Bull case the refund of the incorrect tax was not barred by statute at the time the Government proceeded for the collection of the correct tax. It is apparent, however, that it was barred when the case was brought. And so I do not see where this, in any sense, affects or shakes the validity of the decision in the Bull case. In the case at bar, when the Government claimed that its premium was due, the refund desired by the Defendant was not barred. However, both Government and Defendant allowed time to pass and when this suit was brought, the statute had run against one but not against the other.

█ A sense of justice might lead one to believe that the Defendant's entire claim might have been set up and this was the basis of the lower court's decision in the Rothensies case. But the law has not allowed us to go so far in extending relief for apparent hardships. The law has, however, clearly opened the door to a claim of recoupment as set up in this case. It does not allow a counter-claim or demand and set off over and above the amount asked for by the Plaintiff but it does allow this to the extent of the Plaintiff's claim. This is amply sustained by the Bull case where the Court, at page 262, says, "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the Plaintiff's action is grounded".

██ I am well convinced that the Defendant has a right to set up his claim by way of recoupment and the case will be set for trial on this theory. The Court will find that the Plaintiff, the United States, is entitled to judgment on the amount shown in the Complaint but the question will be submitted for trial as to whether the Defendant is entitled to recover under the terms of the insurance any amounts not to exceed the Plaintiff's claim and if so, such amounts may be set off against and even to the point of extinguishment of the Plaintiff's claim. Defendant, however, will not be entitled to any affirmative relief even though his damages are in excess of Plaintiff's claim.

Accordingly, the motion is hereby refused and it is ordered that the cause be submitted for trial of the issues as above set out.