[No. 33467. Department Two. June 21, 1956.]

R. L. GHEEN *et al.*, *Appellants*, v. CONSTRUCTION EQUIPMENT COMPANY, *Respondent.*[1]

*Harvey Erickson, Parr & Baker,* and *Frank Baker* (*Koerner, Young, McColloch & Dezendorf, Herbert H. Anderson,* and *Murray D. Agate,* of counsel), for appellants.

*Graves, Kizer, Greenough & Gaiser,* for respondent.

WEAVER, J.—Plaintiffs, nonresidents of Washington, commenced this action to recover the balance due for merchandise purchased by defendant, together with interest on various amounts from the date the amounts became due and payable.

The trial court found that plaintiffs were entitled to recover $455.77, plus interest from the date of the last item of the account. On appeal, plaintiffs assign error to the disallowance of interest as requested in their complaint.

The record discloses that the case was presented to the trial court upon issues defined by defendant's counterclaim. Defendant corporation alleges that plaintiffs violated §§ 13(a), 13(d), and 13a, 15 U.S.C. 1952 ed. (the Robinson-Patman act), by selling merchandise to it at a discount of twenty-fifteen per cent, while some of plaintiffs' distributors received a discount of twenty-twenty per cent. Defendant claimed: (a) loss of profits of $1,790.77 (amount of the alleged price discrimination); (b) treble the amount of its damage; and (c) $1,500 attorneys' fee. 15 U. S. C. 1952 ed., § 15.

The trial court found that

". . . by furnishing irrigation pipe and fittings to other distributors at a greater discount than was allowed defendant, plaintiffs violated the provisions of Title 15, United States Code annotated, Sections 13(a) and (d) and Section 13a. *However, this court has no jurisdiction to entertain an action for damages based on the violation of said statutes.*" (Italics ours.)

Because of this finding, defendant admits that "the Robinson-Patman Act . . . was discarded as an element

in this case." Furthermore, the trial court's denial of jurisdiction to entertain an action for damages based on the alleged violation of the Federal statute is not attacked by defendant on this appeal. Hence, the finding becomes the law of the case.

However, the trial court found that,

". . . in supplying said irrigation pipe and fittings to defendant, plaintiffs overcharged defendant in the total amount of $1,637.05, said amount being measured by the difference between plaintiffs' standard distributor's discount of 20/20 per cent on the list price of said merchandise and the discount actually allowed defendant."

Plaintiffs appeal from the judgment in an amount equal to the difference between the alleged overcharge and the unpaid balance of the account with interest as heretofore described.

After a careful reading of the findings of fact, we entertain some doubt as to the theory on which the case was decided. Under such circumstances, it is often helpful to refer to the memorandum decision of the trial court. *Bowman v. Webster,* 42 Wn. (2d) 129, 135, 253 P. (2d) 934 (1953), and cases cited.

In a memorandum opinion filed two days prior to judgment, the trial judge said:

"It is wholly immaterial that defendant proves no actual loss by reason of competition. The criterion is not whether or not there was any loss due to competition, but whether or not there was any discrimination in discounts. The law bars plaintiff from indulging such discrimination, and compels them to credit all distributors with the same amount of discount."

Assuming *arguendo* that defendant's counterclaim is sufficiently broad to include a theory of recovery other than the rights claimed under the Robinson-Patman act, we are unable to subscribe to defendant's argument that the record supports a right to recover the loss resulting from the alleged overcharge of five per cent "under common law principles."

Defendant agreed to handle plaintiffs' merchandise for a discount of twenty-fifteen per cent from list price. One of defendant's officers testified:

"Those are the only discounts that I ever heard mentioned by Gheen"—one of the plaintiffs. (He was referring to the twenty-fifteen per cent discount to distributors and a twenty-five per cent discount to purchasers of small amounts.) Hence, the record fails to support a finding that there was a breach of contract.

If we assume that the counterclaim states a cause of action in fraud and deceit (an assumption which is scarcely warranted from the pleading), then the evidence falls far short of establishing the necessary elements to support a judgment based on that theory. Nothing would be accomplished by reviewing the evidence in detail.

We find merit in plaintiffs' final assignment of error—that they are entitled to interest on the account balances from the date they became due and payable.

Defendant made eleven purchases of merchandise, having a total retail price of $40,926.18, upon which it was allowed a discount of $13,096.38. It made nine payments on account and a final return of merchandise for credit. Although it was understood and agreed between the parties that the account was due and payable thirty days thereafter, or on the tenth of the succeeding month, the payments did not keep the account current. The trial court allowed plaintiffs interest from the date of the last item of the account.

■ An open account is one in which some item of contract is not settled by the parties. Such is not the instant case. The merchandise was sold at a specific price with a definite time for payment. The account was not unsettled or subject to future adjustment. It was not an open account as urged by defendant.

■ We reach the same conclusion whether we consider it a claim for a liquidated amount, or an unliquidated amount ascertainable and determinable by mere computation. In either case, interest is allowed from the date pay-

ment becomes due. It is a chose in action which bears interest at the statutory rate. RCW 19.52.010.

In *Mall Tool Co. v. Far West Equipment Co.*, 45 Wn. (2d) 158, 176, 273 P. (2d) 652 (1954), this court pointed out that a manufacturer is entitled to interest on its claim for goods sold and delivered at an agreed price to a distributor, even if the claim be regarded as unliquidated, where it is for an amount due upon contract for the payment of money and such amount is determinable by computation with reference to a fixed standard contained in the contract of purchase, without reliance upon opinion or discretion. A debtor may not defeat the creditor's right to interest by setting up an unliquidated claim as a set off. Interest is allowed as damages for the withholding of the amount due after it becomes due and payable. *Dickinson Fire & Pressed Brick Co. v. Crowe & Co.*, 63 Wash. 550, 115 Pac. 1087 (1911); Restatement, Contracts, § 337.

Plaintiffs' exhibit No. 2 is a computation of interest under this theory to time of trial. It must, of course, be recomputed to date of judgment.

The judgment in favor of defendant for $1,099.63 is reversed and the case remanded with instructions to enter judgment for plaintiffs in the sum of $455.77, together with a judgment for interest on the various unpaid balances of the account between the parties from the dates the same became due and payable to date of judgment.

It is so ordered.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.