**L. W. FOSTER SPORTSWEAR CO., Inc.**

v.

**UNITED STATES of America.**

Civ. A. No. 14880.

United States District Court
E. D. Pennsylvania.

Sept. 10, 1956.

Erwin Lodge, Philadelphia, Pa., for plaintiff.

W. Wilson White, Joseph L. McGlynn, Jr., Philadelphia, Pa., for defendant.

LORD, District Judge.

The plaintiff has brought this action to recover the sum of $2,800, alleged to represent excess costs incurred by the plaintiff in the manufacture of a quantity of Women's Army Corps exercise suits for the defendant under contract QM 11280. The defendant filed a counterclaim for the recovery of $6,164.53 from the plaintiff for the cost of excess prop-

erty which the defendant forwarded to the plaintiff under contract QM 15617 for the manufacture of a quantity of Army field jackets. The plaintiff defends against the defendant's counterclaim by way of recoupment.

Plaintiff's claim was adjudicated before the Armed Services Board of Contract Appeals. Its contention before the Board was that while contract QM 11280 provided that the exercise suits should conform in all respects to "Pattern date November, 1948", the pattern was never made available by the defendant until after the bids were submitted. It further contended that its bid was made on the basis of a sample garment shown to it by an employee of defendant which was shorter in length than the pattern, and which resulted in the excess costs. Further, it argued there was actually a change in the written contract and, if not, there was a mutual mistake of fact. On the other hand, the defendant contended that the contract meant what it said; was clear and precise; that plaintiff had no authority to bid on any article not in accordance with the contract; and that when it estimated the amount of material that would be required by the pattern, it assumed the risk of any loss suffered by a mistake of judgment. In a written opinion, the Board denied the claim.

Plaintiff claims that the decision of the Armed Services Board of Contract Appeals was not supported by substantial evidence, and that the decision was arbitrary and capricious.

The statute governing the finality of a reviewing Board's decision on a contract entered into by the United States is Section 321 of Title 41, U.S.C.A. which reads:

"No provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency or his duly authorized representative or board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judicial review of any such decision to cases where fraud by such official or his said representative or board is alleged: *Provided, however,* That any such decision shall be final and conclusive unless the same is *fraudulent or capricious or arbitrary* or so grossly erroneous as necessarily to imply bad faith, *or is not supported by substantial evidence.* \* \* \*" (Emphasis supplied.)

■ In order to determine whether or not the decision of the Armed Services Board of Contract Appeals was supported by substantial evidence, a definition of "substantial evidence" is required. In Consolidated Edison Co. v. National Labor Relations Board, 1938, 305 U.S. 197, at page 229, 59 S.Ct. 206, at page 217, 83 L.Ed. 126, cited with approval in Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456, the Supreme Court stated:

" \* \* \* Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Appalachian Electric Power Co. v. National Labor Relations Board, 4 Cir., 93 F.2d 985, 989; National Labor Relations Board v. Thompson Products, 6 Cir., 97 F.2d 13, 15; Ballston-Stillwater Knitting Co. v. National Labor Relations Board, 2 Cir., 98 F.2d 758, 760. \* \* \*"

This Court, applying the above test, after careful consideration of the evidence before the Board and after a careful reading of the Board's opinion, feels that its decision was supported by substantial evidence; was not arbitrary or capricious; and that plaintiff's claim was properly denied.

■■ We next consider the merits of defendant's counterclaim. It proved that under contract QM 15617, it furnished to the plaintiff, for the manufacture of 15,000 field jackets, the following "Government furnished property", which was

in excess of the applicable contract unit allowances, and which was never returned:

| "Material | Excess over Unit Allowances |
|---|---|
| Cloth, Cotton, Drill, 41 inch 16,034⅝ yds. | 5,718 yds. |
| Cloth, Cotton, Silesia, 36 inch 4,755⅛ yds. | 984⅛ yds. |
| Webbing, Type 1, ¾ inch 51,700⅝ yds. | 23,117⅞ yds." |

The value of the excess material not returned by the plaintiff was established to be $6,164.53.

As heretofore stated, plaintiff relied primarily on the law of recoupment for its defense to defendant's counterclaim.

Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A. applies to counterclaims and cross-claims. Under this rule a counterclaim is any claim, *including set-off and recoupment*, which one party has against an opposing party, whether legal or equitable or both.

The problems involved in defendant's counterclaim and plaintiff's defense of recoupment are questions of fact and involve the consideration and weight of the evidence introduced at the trial.

The garments to be furnished pursuant to contract QM 15617 were to be manufactured mainly from drill, silesia, webbing, sateen and oxford cloth.

The pertinent provision of that contract is as follows:

"Section 32(c) Additional Property—Credit for Property Returned.—Contractor will be charged at replacement cost to the Government, when furnished, or at acquisition cost, whichever is higher, for all property furnished by the Government in excess of the applicable unit allowances. No charge will be made unless the total of all property furnished in excess of unit allowances exceeds $25.00. In determining whether contractor exceeded the unit allowances, credit will be given *for all property returned* undamaged in the form of full pieces, short pieces and ends, but no credit will be given for property returned in the form of remnants, cut parts, clippings, damaged pieces or irreparable garments." (Emphasis supplied.)

The plaintiff offered evidence to prove that it had returned material to the defendant but no credit was given for the material returned.

Mr. Fleming, one of the defendant's witnesses, admitted that the plaintiff did not use all the required amounts of oxford and sateen cloth and had returned to the defendant yardage which represented savings made by the plaintiff, and that no credit was given for this saving.

There was additional evidence that the plaintiff returned 164 irreparable garments for which the defendant in its counterclaim did not give plaintiff credit even though it agreed to do so in a letter signed by the contracting officer of the defendant. This return represented 117 yards of drill, 42½ yards of silesia and 319 yards of webbing.

Further, the plaintiff proved it returned 12 bales of "cut parts" for which no credit was given. The 12 bales were equivalent to 624 garments containing the following yardages: 439 yards of drill, 160 yards of silesia, 1,193 yards of webbing. The value of the aforesaid yardages of drill, silesia and webbing which were returned to the defendant and for which credit was not given amounted to $599.29. In addition, plaintiff proved it returned 2,958⅝ yards of oxford cloth and 3,239 yards of sateen cloth for which no credit was given. The value of the returned oxford cloth was $3,313.66 and the sateen cloth $6,154.10.

The total value of all of the material returned and no credit given to plaintiff amounts to $10,067.05.

The only answer defendant makes to the plaintiff's claim of recoupment is that no credit should be given for the sateen and oxford cloth returned because its counterclaim only included webbing, silesia and drill cloth.

The Court cannot agree with the defendant's contention. Section 32(c) of the contract specifically says that plaintiff, as contractor, is to be given credit

for "all property" returned to off-set against excess usage.

This Court is of the opinion that upon a review of the evidence, plaintiff's claim of recoupment is a valid defense to the defendant's counterclaim. However, plaintiff is not entitled to any affirmative relief even though its proof in recoupment is in excess of the defendant's counterclaim. United States v. Laney, D.C. E.D.S.C.1951, 96 F.Supp. 482.

It follows that judgment will be entered for the defendant on the plaintiff's claim, and judgment will be entered for the plaintiff on the defendant's counterclaim.

The foregoing findings of fact and conclusions of law embodied in this opinion may be taken as the Findings of Fact and Conclusions of Law of the Court.