The **UNITED STATES** of America, for the use and benefit of The **E. J. BAR-TELLS COMPANY**, a corporation, Plaintiff,

v.

**HOFFMAN CONSTRUCTION CO.,** a corporation; and Seaboard Surety Company, a corporation, Defendants.

Nos. 1315–1317.

United States District Court
E. D. Washington, S. D.

June 16, 1958.

Hulbert S. Murray, Seattle, Wash., for plaintiff.

Mautz, Souther, Spaulding, Denecke & Kinsey, Portland, Or., for defendants.

DRIVER, Chief Judge.

These cases were brought under the Miller Act, Title 40 U.S.C.A. § 270a et seq., against the principal contractor and his surety on three separate government contracts. The defendant Seaboard Surety Company on April 18, 1958 deposited in the registry of the court the principal amounts claimed by the plaintiff as follows: Cause No. 1315, $12,300; Cause No. 1316, $34,200; and Cause No. 1317, $2,107.

At the pre-trial conference held on May 21, 1958, it became apparent that there remained only two issues for decision, namely: 1) Whether the use plaintiff is entitled to interest on its claims; and 2) Whether it is entitled to a reasonable attorney's fee on its claims.

As to the first issue, the parties agree that in a Miller Act case the allowance of interest on a claim depends upon the law of the state in which the contract is to be performed.[1] A Washington statute, R.C.W. 19.52.010, provides that every forbearance of money, goods, or thing in action shall bear interest at the rate of six percent per annum where no different rate is agreed to in writing between the parties. Construing this statute in a

---

1. Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206; Continental Casualty Co. v. Clarence L. Boyd Co., 10 Cir., 140 F.2d 115; United States for Use and Benefit of Lichter v. Henke Const. Co., 8 Cir., 157 F.2d 13; Ottinger v. United States, 10 Cir., 230 F.2d 405.

comparatively recent case, the state Supreme Court held that, where goods and merchandise are sold and delivered, the purchaser is liable for interest on the purchase price at the rate of six percent per annum from the date payment becomes due.[2]

▇ The defendants suggest in their brief that there should be some exception to or qualification of the rule just discussed " * * * where you have involved a surety, a prime contractor, and a supplier to a subcontractor * * *." Obviously there is a prime contractor involved in every Miller Act case, and the presence of a subcontractor should make no difference, as under the statute, if the requisite notice is given within the required time to the prime contractor, the surety on the contractor's bond becomes obligated to pay the claims against the subcontractor. Defendants cite a number of cases in which it was held that a surety on the contractor's bond does not become liable for interest until after demand has been made on the surety and payment has been refused.[3] The most recent of such cases was decided in 1933. They appear to be contrary to the modern trend of authority if applied indiscriminately in all Miller Act cases. Some are based upon United States v. United States Fidelity & Guaranty Co., 236 U.S. 512, 35 S.Ct. 298, 304, 59 L.Ed. 696. In that case the claims against the prime contractor exceeded the penalty on the bond of his surety. The court stated the rule applicable to such a situation as follows:

"Sureties, if answerable at all for interest beyond the amount of the penalty of the bond given by their principal, can only be held for such an amount as accrued from their own default in unjustly withholding payment after being notified of the default of the principal.".

This case was cited in London & Lancashire Indemnity Co. of America v. Smoot, 52 App.D.C. 378, 287 F. 952, 956.

Some of the cases, it is true, do not observe the basic distinction—that is, whether or not the amount of the claims exceed the penalty of the contractor's bond—but, as indicated above, most of the recent cases hold that, where the total amount of the claims do not exceed the penalty of the bond, the allowance of interest depends upon the law of the state in which the contract is to be performed.

▇▇ As to the second issue presented—the allowance of attorney's fees to the plaintiff—the Miller Act is silent as to whether such allowance may be made. It is an elementary principle of law, however, that a reasonable attorney's fee cannot be allowed to a successful litigant unless it is provided for by contract, or by a controlling statute. I do not believe that the provisions of the statutes of the state of Washington respecting allowance of a reasonab'e attorney's fee in actions to foreclose liens for labor and material can be carried over and incorporated into the Miller Act. The Miller Act is a different, separate statute which provides for a particular and peculiar type of action. The case of United States, for Use and Benefit of Brady's Floor Covering v. Breedeen, D.C., 110 F.Supp. 713, upon which plaintiff relies is distinguishable. That case involved a statute for Alaska which was of general application in the territory. Alaska does not have separate territorial courts, but the United States District Courts there have jurisdiction of both Federal and local controversies. There is no comparable statute in the state of Washington of general application which allows a prevailing party in a

---

2. Gheen v. Construction Equip. Co., 1956, 49 Wash.2d 140, 298 P.2d 852. The same rule was applied in Standard Lumber Co. v. Fields, 29 Wash.2d 327, 187 P. 2d 283, 175 A.L.R. 309, a case involving the foreclosure of a materialman's lien.

3. United States for Use of Baltimore Cooperage Co. v. McCay, D.C., 28 F.2d

777; Royal Indemnity Co. v. Woodbury Granite Co., 69 App.D.C. 364, 101 F.2d 689; United States v. Quinn, 2 Cir., 122 F. 65; London & Lancashire Indemnity Co. v. Smoot, 52 App.D.C. 378, 287 F. 952; and, United States for Use and Benefit of Belmont v. Mittry Bros. Const. Co., D.C., 4 F.Supp. 216.

lawsuit to recover attorney's fees as indemnity or costs.

The use plaintiff is entitled to recover interest on its claims in each of the three cases at the rate of six percent per annum from the date the claims became due and payable until April 18, 1958, but the plaintiff will not be allowed a reasonable attorney's fee.