UNITED STATES of America, for the Use and Benefit of GREENVILLE EQUIPMENT COMPANY, Inc., a corporation, Plaintiff,

v.

UNITED STATES CASUALTY COMPANY, a corporation, et al., Defendants.

Civ. A. No. 2096.

United States District Court
D. Delaware.

Dec. 13, 1962.

654

James L. Latchum and Berl, Potter & Anderson, Wilmington, Del., for plaintiff.

Arthur J. Sullivan, Morris, James, Hitchens & Williams, Wilmington, Del., and Robert E. Hicks, Atlanta, Ga., for defendant United States Casualty Co.

RODNEY, Senior District Judge.

This case had its origin as a simple case under the Miller Act.[1] It has since developed into a somewhat complicated case involving other principles. The plaintiff is allegedly a material man furnishing materials, viz., a crane to Ivey Brothers Construction Company, a main contractor under a building contract for the United States and for which contract the Casualty Company, a defendant, was surety.

The complaint alleges the leasing of the crane for a stipulated sum and seeks the recovery of unpaid rental together with the cost of repair of damages while the crane was in the possession of the lessee.

The complaint alleges that the action was brought within the statutory time after the completion of the work under the contract. The subsequent material dates are most important since most of the questions to be considered cluster around these dates.

The complaint was filed April 17, 1959. An answer was filed on June 3, 1959 and some time elapsed during which considerable discovery proceedings were had. On September 12, 1962 (being 3 years, 4 months and 26 days after the filing of the complaint) a motion was made by the defendant to amend the answer by asserting a counterclaim. This proposed counterclaim alleges fraud on the part of the plaintiff in connection with the very crane, the subject of the controversy, and is conceded to be in the nature of a compulsory counterclaim. Subsequently, this motion to amend the answer by asserting the counterclaim was also sought to be amended by asserting that the plaintiff concealed the acts of fraud in connection with the crane.

The indicated dates clearly show that the defendant cannot amend the answer

1. 40 U.S.C.A. § 270a–270e.

as a matter of right under Rule 15(a). The plaintiff does not consent and while the Rule states that leave of the Court "shall be freely given when justice so requires," yet when such consent by the Court may conflict with a legal claim of the opposing party, it seems required that a full investigation of the matter be made.

The plaintiff resists the filing of a counterclaim as being barred by the Delaware Statute of Limitations of three years.

This being an action under the Miller Act and the contract in question relating to work in Delaware, this U. S. Court for the District of Delaware has the exclusive statutory jurisdiction.[2]

Preliminarily, the defendant contends that the Statute of Limitations under Rule 8(c) must be set up in the nature of an affirmative plea. An inspection of Rule 8(c) indicates that it has application when "pleading to a preceding pleading." Here, there is no preceding pleading to which the Statute of Limitations could be pleaded but only a motion to establish such pleading and the given dates show the application of the Statute of Limitations. While Statute of Limitations should primarily be pleaded under Rule 8(c), yet when the facts showing the application of the Statute are clearly before the Court, the defense may be raised by motion.[3]

The defendant contends that the plaintiff by bringing his action has waived the Statute of Limitations as applicable to the defendant and cites many authorities collected in the annotations in 127 A.L.R. 909 and 1 A.L.R.2d 630. In view of the conclusion I have reached, it seems unnecessary to consider this precise question. In light of the Delaware decision of Di Norscia v. Tibbett, 50 Del. (11 Terry) 118, 124 A.2d 715, it seems doubtful that Delaware could be listed with the so-called "majority rule." Indeed, the Delaware case last cited, except for one feature, seems in accord with the conclusion here reached.

If the so-called "majority rule" that a plaintiff in bringing his suit has "waived" the Statute of Limitations as to a counterclaim of the defendant, be limited to a compulsory counterclaim under the Rules but in the nature of recoupment, then there is but a modicum of distinction between that Rule and the conclusion herein reached that the Statute of Limitations is not applicable.

The counterclaim sought to be filed by the defendant is governed by Rule 13 F.R.Civ.P. Rule 13 utilized a comprehensive term in the word "counterclaim" as indicating the claim of a pleader against the opposing party. The term is generic in nature and includes those defenses universally known as recoupment and set off. The Rule provides for two kinds of counterclaims, viz., mandatory and permissive, the former being concerned with matters growing out of the same occurrence or transaction, which was the subject of the opponent's claim, and a permissive counterclaim which does not arise from the same transaction or occurrence but was extraneous thereto.

The matter set up in the proposed counterclaim is, I think, compulsory in nature and contains the elements present in the ancient defense of recoupment. There is in the implicit retention of recoupment under the mandatory counterclaim not merely the vestigial use of the word recoupment itself but a retention of those principles incident to such defense. One of those principles has particular application in this case.

Here, the plaintiff sued for the rental of a crane. This claim was not barred by any limitation. The defendant by mandatory counterclaim insists that it was the legal owner of that same crane and seeks damages from the plaintiff both for the rental of the crane and other damages. The plaintiff contends this counterclaim was barred by the Statute of Limitations.

An incident to the principle of recoupment is well expressed in Bull v.

2. 40 U.S.C. § 270b.

3. 2 Moore's Fed.Prac. 12.10, Page 2257.

United States, 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421.

"* * * * recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely."

This seems to be the rule of universal acceptation both prior to the Rules of Civil Procedure and subsequent thereto.[4]

This, then, would seem dispositive of the present question and be in accord with all the authorities.

Since the Statute of Limitations is not here applicable and since that is the only reason advanced against the filing of the counterclaim, such counterclaim should be ordered filed.

It is apparent that I have not herein applied the concluding sentence of Rule 13(c). This provides:

"It [the counterclaim] may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party."

This, I think, can not apply to a mandatory counterclaim in the nature of recoupment. The reason for this intentional omission is two-fold.

■ First, the suit, of course, is filed pursuant to the Federal Rules of Civil Procedure. Those Rules, as the name indicates, are of a procedural nature, leaving matters of substantive right to be otherwise determined.

Indeed, the very Act of Congress pursuant to which the Rules were formulated[5] expressly stated that the Rules shall neither "abridge, enlarge nor modify the substantive rights of any litigant."[6]

It seems to me that a compulsory counterclaim sounding in the nature of recoupment but allowing the proponent of such counterclaim to recover an affirmative judgment of unlimited amount, which he could not recover prior to the Rule, may well constitute an "enlargement of a substantive right." This effect is expressly denied by the statutory authority under which the Rule was formulated and it seems not a mere matter of procedure.[7]

Conversely, too, the right of a plaintiff against whom the counterclaim is filed had, before the Rules, a right to know that his claim, by recoupment, was only subject to be diminished or extinguished. He knew that he could not be subjected by recoupment to a judgment against him of unlimited amount. A change from this status by a mere procedural rule may well amount to a modification of a substantive right.

Second, if the rights hereinbefore discussed were substantive rights and not merely matters of procedure, then it would seem we would be relegated to the law of Delaware for the determination of substantive rights.

■■ This is not a diversity case but a case arising under the Miller Act. The general rule is well settled that in diversity cases and under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and subject to its limitations, the federal court when deciding questions of conflict of laws must follow the rules prevailing in the State in which they sit. The Supreme

4. See cases cited in annotation in 16 A. L.R. 326, 339; 73 A.L.R. 574, 580; 1 A.L.R.2d 630, 666; Williams v. Neely (1904) 134 F. 1, 69 L.R.A. 232; See also 3 Fed.Rules Serv. 688.

5. Act of June 19, 1934, 48 Stat. 1064; 28 U.S.C. § 723, etc., now 28 U.S.C. § 2072.

6. The concluding words of the original Act have been slightly modified by 28 U.S.C. § 2072. See United States v. Sherwood, 312 U.S. 584, 590, 61 S.Ct. 767, 85 L. Ed. 1058; Sibbach v. Wilson & Co., 312 U.S. 1, 10, 61 S.Ct. 422, 85 L.Ed. 479.

7. That recoupment is a substantive right, see Electric Storage Battery Co. v. Rothensies, D.C., 57 F.Supp. 731, 736, aff'd 3 Cir., 152 F.2d 521, reversed on other grounds 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296. See also Barnsdall Refining Corporation v. Birnamwood Oil Co., D.C., 32 F.Supp. 314, 317.

Court in D'Oench, Duhme & Co. v. Federal Deposit Ins. Co., 1942, 315 U.S. 447, 456, 62 S.Ct. 676, 86 L.Ed. 956, expressly left open the question as to the application of this Rule to cases other than diversity cases. Lower federal courts, however, compelled to pass upon the question, have applied the principle in cases other than diversity cases and particularly to cases arising under the Miller Act. The following may be considered the substance of such holding. The right of action and jurisdiction of this Court are conferred by a federal statute, but the construction of the federal statute is not involved nor is the United States a real party in interest; hence the question of substantive law arising herein is controlled by the laws of the State of Delaware, which are both lex loci contractus and lex fori.[8]

■ In Delaware, and effective on January 1, 1948, the Courts of Delaware adopted Rules for the Superior Court, that being the court of general jurisdiction for the trial of civil cases.[9] The Rules were prepared and adopted pursuant to the statutory authority of 4643 of the Delaware Code of 1935.[10]

The Delaware Rules were patterned on and largely copied from the Federal Rules using the same numbers for the Rules and in most instances precisely the same language. Thus, we find Rule 13 of the Delaware Rules, Del.C.Ann., in so far as here material, is in the exact language of Rule 13 of the Federal Rules of Civil Procedure. The Delaware Rules were procedural in nature and subject to exactly the same statutory limitations as the Federal Rules. The statutory provision under which the Delaware Rules were prepared, provided, as it does today, with precisely the same statutory limitation that the Rules should not "abridge, enlarge nor modify the substantive rights of any litigant."

There can be no doubt that in Delaware recoupment was and is a defensive measure concerning matters growing out of the same transaction or occurrence which was the basis of the opponent's claim and utilized for the reduction or extinguishment of the opponent's claim. Recoupment did not allow an affirmative finding in excess of the opponent's claim.[11]

■ I have concluded herein that the counterclaim of the defendant sought to be asserted is of a compulsory nature; corresponding largely to the former defense of recoupment. This could operate only to the diminishing or the extinguishing of the plaintiff's claim but could not result in an affirmative judgment in excess of that sum.[12] The defendant by the counterclaim seeks such excess judgment. I believe, however, that the claim of the pleader does not determine the exact nature of the relief to be granted, but that such pleader would be entitled to that relief to which he is legally entitled. This is clearly within the spirit of the words of Rule 54 (c) which provides:

" * * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not

---

8. United States ex rel. Gillioz v. John Kerns Const. Co., D.C., 50 F.Supp. 692, 695; United States for Use and Benefit of Lichter v. Henke Const. Co., 1946, 8 Cir., 157 F.2d 13, 24; United States for Use and Benefit of E. J. Bartells Co. v. Hoffman Construction Co., 163 F.Supp. 296; United States for Use and Benefit of Magnolia Petroleum Co. v. H. R. Henderson & Company, D.C., 126 F.Supp. 626, 637 and cases there cited.

9. These Rules may conveniently be found in 43 Del. (4 Terry, page 1).

10. The Rules were adopted prior to the Delaware Code of 1953 but the statutory authority of the Court to make Rules is there continued by a mere pruning of the language and is found in Delaware Code of 1953, Title 10 § 561.

11. 1 Woolley on Del.Pr.Sec. 502–506. Shimp v. Siedel, Hastings & Co., 11 Del. (6 Houst.) 421. See Delaware Chemicals Inc. v. Reichhold Chemicals, Inc., 35 Del. Ch. 493, 121 A.2d 913, 918.

12. United States v. Laney, D.C., 96 F. Supp. 482; L. W. Foster Sportswear Co. v. United States, D.C., 145 F.Supp. 148.

demanded such relief in his pleadings."

See 6 Moore's Fed.Pr., page 1202.

An order may be presented granting the motion to amend the answer by asserting the counterclaim, but limiting the effect of such counterclaim in the nature of recoupment.