Arthur AUSTIN, Appellant,

v.

FULTON INSURANCE COMPANY, a foreign corporation, and Robert Pfeifer, d/b/a Robert Pfeifer Insurance, Appellees.

FULTON INSURANCE COMPANY, a foreign corporation, Cross-Appellant,

v.

Arthur AUSTIN, and Robert Pfeifer, d/b/a Robert Pfeifer Insurance, Cross-Appellees.

Nos. 1250, 1207.

Supreme Court of Alaska.

June 26, 1972.

Edgar Paul Boyko, of Boyko & Walton, Anchorage, for Arthur Austin.

Kenneth P. Jacobus, of Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, for Fulton Insurance Co.

Eugene F. Wiles and Raymond E. Plummer, Jr., of Delaney, Wiles, Moore, Hayes & Reitman, Inc., Anchorage, for Robert Pfeifer.

Before BONEY, C. J., and RABINOWITZ, CONNOR and BOOCHEVER, JJ.

1. The complaint contained additional claims which are no longer applicable.

2. The loss occurred in March 1964 and suit was not commenced until February 1966.

OPINION

BOOCHEVER, Justice.

This is one of many cases spawned by the 1964 Alaskan earthquake. Eight years after that catastrophic event, this case still winds along its tortuous course with the merits of the conflict unresolved.

The basic facts giving rise to the present dispute are set forth in our opinion in Austin v. Fulton Insurance Company, 444 P.2d 536 (Alaska 1968). Insofar as material to the present appeals, the facts may be summarized as follows.

Austin claims that Pfeifer, the agent for Fulton Insurance Company (Fulton), had negligently failed to obtain insurance covering his property against earthquake loss and that Fulton had negligently failed to issue such a policy. Austin further contends that both defendants had expressly warranted that the policy provide complete coverage against all risk of loss.[1]

The defendants secured a summary judgment based on the internal provisions of the policy requiring suit to be filed within 12 months from inception of the loss.[2] Insofar as claims were based on the alleged negligence and misrepresentations of the defendants, we held that the internal policy provisions did not bar suit and that the action had been commenced within the applicable two-year limitation period for bringing a tort action.[3]

In addition to the policy provision defense, the agent Pfeifer contended that he was a disclosed agent of Fulton acting within the scope of his authority and thus could not personally be liable to Austin. The summary judgment was construed as being based on this point of law as well as on the internal policy provisions. On the original appeal Austin set forth in his statement of points on appeal that the ruling in Pfeifer's favor based on the nonliability of a disclosed agent was in error.

3. Austin v. Fulton Ins. Co., 444 P.2d 536, 538–540 (Alaska 1968).

Austin, however, did not brief this point on appeal and accordingly it was not decided by us, resulting in a dismissal of Austin's appeal as to Pfeiffer. This left in effect the summary judgment in Pfeifer's favor.[4]

Upon remand Fulton again moved for a summary judgment. It contended that the claims against it were based on Pfeifer's conduct and accordingly derivative in nature. Since its agent, Pfeifer, had been held not to be liable in tort to Austin, Fulton alleges that no liability could be imposed upon it, the principal. In the alternative, Fulton moved to bring Pfeifer back into the suit as a third party defendant to indemnify Fulton in the event that Austin should succeed in his claims of negligence or misrepresentation.

On September 9, 1969, the trial court issued a memorandum decision granting the summary judgment in favor of Fulton against Austin, and denying Fulton's motion to bring in Pfeifer as a third party defendant. Austin has again appealed from the summary judgment and in the event that the claim should be remanded for further proceedings, Fulton has cross-appealed from the denial of its motion to bring in Pfeifer as a third party defendant.[5]

■ Although the procedural history of this litigation is complicated, the principal issue to be resolved on this appeal is a relatively simple one. At no time has there been a ruling on the merits of Austin's contention that Pfeifer had negligent-

ly failed to obtain insurance coverage or had misrepresented to Austin that the policy provided complete coverage against all risk of loss. Pfeifer secured dismissal of his claim on the theory that if a disclosed agent was acting within the scope of his authority he could not be personally liable to Austin. As indicated above, this implied holding of the trial court was not disputed by Austin on appeal and thus as between Austin and Pfeifer became the law of this case.[6] The summary judgment was in favor of Pfeifer and against Austin. Fulton at that time was not involved in this issue between Pfeifer and Austin, and thus had no standing to appeal from the original summary judgment. Fulton is therefore not bound by that holding.[7] Accordingly, we must now for the first time in this case determine whether a disclosed agent, acting within the scope of his authority, may be held liable to a third party.

■ The law is well established that in the event of negligence by a disclosed agent acting within the scope of his authority the agent may be held personally liable to a third party.[8] Austin, however, is barred from proceeding against Pfeifer by the law of this case applicable between them, even though we hold such rule of law to be erroneous. Nevertheless, Austin may proceed against Fulton on the basis of the alleged negligence or misrepresentation of its agent.[9] The holding in the prior appeal absolving Pfeifer of direct liability to Austin did not reach the issue of whether Pfeifer was negligent or had made misrep-

---

4. *Id.* at 540.

5. Subsequent to the entry of the summary judgment on September 19, 1969, Austin successfully petitioned for a writ of review to overcome his untimely filing of appeal. On May 7, 1971 this court granted the petition under Supreme Court Rule 7(a) (2).

6. Gheen v. Construction Equip. Co., 49 Wash.2d 140, 298 P.2d 852, 854 (1956).

7. The doctrines of res judicata and collateral estoppel are not applicable to a party who has not had the opportunity to litigate a matter. F. James, Civil

Procedure § 11.24, at 586 (1965); Restatement of Judgments § 82 (1942).

8. Russel v. American Rock Crusher Co., 181 Kan. 891, 317 P.2d 847, 849–850 (Kan.1957); W. Seavey, Law of Agency §§ 129–130, at 220–224 (1964); Restatement (Second) of Agency § 343 (1958); 3 Am.Jur.2d, Agency § 300, at 660 (1962).

9. Although the complaint sets forth direct allegations of negligence and misrepresentation against Fulton as well as derivative ones, it is now undisputed that the claims are based on vicarious liability, only.

resentations. If Pfeifer was negligent or made misrepresentations while acting within the scope of his apparent authority Fulton may be held liable to Austin, as it is hornbook law that a principal may be held liable for such acts of an agent.[10] Under these circumstances a principal may obtain indemnification from an agent when the principal is adjudged liable for the negligence or misrepresentation of the agent. The Restatement of the Law, Agency (Second), sets forth the applicable rule at Section 399 as follows:

> A principal whose agent has violated . . . his duties has an appropriate remedy for such violation. Such remedy may be:
>
> .     .     .     .     .     .
>
> (h) causing the agent to be made party to an action brought by a third party against the principal. . . .

And Section 401 specifies that:

> [a]n agent is subject to liability for loss caused to the principal by any breach of duty.

A comment on this section expressly refers to situations where the agent acts negligently so as to cause the principal to be liable to a third person.[11] Pfeifer cites cases wherein the agent has acted on express authority from the principal and does not exceed that authority. In that situation the agent has been held not to be liable to the principal.[12] In the subject case, however, Fulton denies that Pfeifer was authorized to act in the manner alleged, i. e., negligently or by making misrepresentations. This may present a factual issue which will have to be resolved by a trial on the merits. But at this posture of the case Fulton has recourse against Pfeifer for any possible vicarious liability imposed on the insurance company as a result of the agent's negligence or misrepresentations.

■ Pfeifer raises two additional points against his being brought in as a third party defendant. He states that the cross-appeal is untimely in that Fulton should have appealed from the summary judgment of August 26, 1967 granted to Pfeifer. But as we have previously indicated, that judgment applied only to Austin and Pfeifer, leaving Fulton no right to appeal from it. The judgment of September 9, 1969 was the first ruling from which Fulton had a right of appeal and the cross-appeal filed herein by Fulton is timely.

■ Pfeifer's further argument to the effect that a third party impleader remedy is available only against a person "not a party to the action" has no merit. Rule 14(a), Alaska Rules of Civil Procedure, provides for a defendant securing "leave as a third-party plaintiff to serve a summons and complaint upon a person *not a party to the action* who is or may be liable to him for all or part of the plaintiff's claim against him." [Emphasis added.] The fact that Pfeifer had been a party to the action does not bar utilization of Rule 14(a) as he was not a party to the action at the time that the motion was made.

The denial of Fulton's motion to bring in Pfeifer as a third party defendant is overruled and the summary judgment in favor of Fulton against Austin is reversed.

ERWIN, J., not participating.

---

10. *E. g.*, Gleason v. Seaboard Air Line Ry., 278 U.S. 349, 49 S.Ct. 161, 73 L.Ed. 415 (1929) ; Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 140 (10th Cir. 1966) ; W. Seavey, Law of Agency § 92, at 162 (1964) ; 3 Am.Jur.2d, Agency § 267 (1962).

11. Restatement of the Law, Agency (Second), § 401, comment d, at 239, 240.

12. W. C. Humphreys, Inc.·v. Zurich Ins. Co., 54 Misc.2d 659, 283 N.Y.S.2d 246 (Sup.Ct.1967) ; Lippert v. Bailey, 241 Cal.Rptr. 376, 50 Cal.Rptr. 478 (1966) ; Gibbs v. Home Ins. Co., 252 App.Div. 805, 298 N.Y.S. 856 (Sup.Ct. 1937).