CIRCUIT COURT OF THE CITY OF RICHMOND

Milton Roberts

v.

Colonial Ford Truck Sales, Inc.

March 20, 1975

Case No. 7266

By JUDGE ALEX H. SANDS, JR.

This case presents a somewhat novel issue only because of the procedure under which it arises. Plaintiff alleges that on February 16, 1973, he purchased from defendant a 1973 Ford Heavy Duty Truck; that while still under warranty the vehicle developed defects allegedly covered under warranty; that the vehicle was taken to, and repaired by, defendant; that defendant refused to deliver the vehicle to plaintiff until $330, the alleged charges for the repair work, was paid defendant by plaintiff.

Plaintiff, contending that the repairs which had been effected by defendant were of a nature to be covered under the warranty which was an element of the original sales contract, refused payment for this reason but posted bond for the return of his vehicle as provided under the terms of § 43-33 of the Code of Virginia, 1950, as amended.

Plaintiff then instituted suit in the General District Court against defendant seeking the recovery

of $330 from defendant, the amount of bond posted for the release of his equipment.

The General District Court awarded defendant judgment in the amount of $330 against plaintiff and his two sureties, from which judgment plaintiff appeals. The only real issue before the District Court was whether the repair work was covered by the warranty provisions of the sales agreement, and this will be the issue before the Circuit Court.

Plaintiff, having perfected his appeal, has now filed a counterclaim alleging that as the result of defendant's breach of warranty he, plaintiff, has sustained damages.

To this counterclaim defendant has demurred upon the ground that there is no procedure by which a party plaintiff can file a counterclaim against a defendant.

The counterclaim concept, unknown to the common law, is a creature of statute and in Virginia this concept is embodied in Code § 8-239 and Rule 3:8 of the Rules of the Supreme Court of Virginia.

There does not appear to be, however, as defendant contends, anything magic about the terms "plaintiff" and "defendant" in considering the right of a party attempting to assert a counterclaim. It has been defined, or rather referred to, as the claim of a pleader against the opposing party. See U. S., etc. v. U. S. Casualty Co., 218 F. Supp. 653; 20 Am. Jur. 2d page 233.

Merely because the claim is one which is customarily asserted by a defendant against a plaintiff does not mean at all that it is not equally applicable to a situation where the interests of the parties, as in the instant case, happen to be reversed.

In fact, it is only because of the particular procedure provided by Code § 43-33 that the parties are postured as they appear in the pleadings. Colonial, in fact, was, at the outset, seeking an award against

Roberts for the amount of the repair bill. Only because Colonial was given, by statute, a peculiar remedy by which he could hold the vehicle in lieu of instituting a suit to recover the amount of repairs, does Colonial appear in the role of defendant. The form of judgment rendered in the District Court reflects the true posture of the parties, for it awards Colonial a monetary judgment against plaintiff. Similarly, in this Court the true party plaintiff is Colonial seeking recovery for the repairs which it has effected on Roberts's truck. Roberts's defense (for this is exactly what it is) to Colonial's claim is that the work was covered by warranty.

No reason can be perceived why Roberts may not assert a claim in this proceeding for damages flowing from alleged breach of warranty.

The counterclaim as filed, however, seeks total recovery in the amount of $6,000. This figure is in excess of the $5,000 jurisdictional limit on cases before the General District Court. It is well established in this jurisdiction that a court of record upon an appeal from a court not of record cannot entertain either a claim (Stacy v. Mullins, 185 Va. 837) or a setoff (or counterclaim) (Copperthite Pie Corp. v. Whitehurst, 157 Va. 480) which is in excess of the jurisdictional amount limit in the court from which the appeal is taken.

For the reason that the amount sought in plaintiff's counterclaim is in excess of the jurisdictional amount set by statute for the General District Court, the demurrer to the counterclaim will be sustained with leave, however, to plaintiff to plead over within fifteen days from the date of the entry of the order (copy enclosed) sustaining the demurrer, if he be so advised.