Arthur AUSTIN, Appellant,

v.

FULTON INSURANCE COMPANY, a For-
eign Corporation, and Robert Pfeifer,
d/b/a Pfeifer Insurance, Appellees,
No. 911.

Supreme Court of Alaska.

Aug. 22, 1968.

John M. Savage and Thomas E. Curran, Jr., Savage, Erwin & Curran, Anchorage, Michael W. Rotberg, Los Angeles, Cal., for appellant.

Robert C. Erwin, Hughes, Thorsness & Lowe, Eugene F. Wiles and James K. Singleton, Anchorage, for appellees.

OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

The 1964 earthquake in Anchorage caused substantial damage to appellant's real property. The property had been insured against various losses by appellee, Fulton Insurance Company. Fulton refused to recognize the loss by earthquake as covered by the insurance policies, and appellant brought this action for damages.

The policies excluded from insurance coverage loss by earthquake.[1] However, in spite of this exclusion appellant claimed relief on five separate theories: (1) that appellees Fulton and Pfeifer[2] had expressly warranted to appellant that the policies provided complete coverage against all risk of loss, without any limitation as to the source of damage; (2) that appellee Pfeifer had entered into an oral agreement with appellant to procure complete insurance coverage against all risks of loss to appellant's property without any limitation as to the source of loss, and that Pfeifer had breached the agreement by failing to obtain insurance against risk of loss by earthquake; (3) that appellee Pfeifer negligently failed to obtain insurance coverage against earthquake loss, that appellee Fulton negligently failed to issue insurance covering appellant's property against earthquake loss, and that appellant had suffered damages as a result of such negligence; (4) that appellees were estopped from asserting that the policies did not insure appellant's property against loss by earthquake; and (5) that the insurance policies should be reformed to provide the true coverage agreed upon by appellant and appellees, viz., coverage of earthquake loss.

As an affirmative defense appellees relied upon the following period of limitation provision in the policies:

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

The loss occurred in March 1964. Suit was not commenced until February 1966, more

---

1. The insurance policies involved contain the following provision:

   This company shall not be liable for loss: (C) As respects perils * * * caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to earthquake, landslide, mud flow, earth sinking, rising or shifting; unless loss by fire or explosion ensues, then this company shall then be liable only for such ensuing loss. (exhibits accompanying Pfeifer deposition)

2. The insurance from Fulton Insurance Company was obtained through an insurance agent, appellee Robert Pfeifer, doing business as Pfeifer Insurance.

than twelve months later. Appellees moved for summary judgment, contending that appellant's suit was a "suit or action on this policy", within the meaning of the foregoing provision in the insurance policies, and thus it was barred by the expiration of the twelve months' period of limitation. The trial court granted summary judgment in favor of both appellees and dismissed appellant's complaint with prejudice. Appellant then brought this appeal.

The question presented here is whether the built-in twelve-month limitation period in the insurance policies bars appellant's claim for damages. As to the claim based upon estoppel, it does. Estoppel operates to deny legal effect to a provision in the policy inserted for the benefit of the insurer which operates to relieve the insurer of liability.[3] The effect of the estoppel is to make the policy valid and effectual as to the coverage the insured had been led to believe was included, despite the fact that the express wording of the policy excludes such coverage. This means that the policy itself, as represented by the insurer to give the coverage expected, is being relied upon by the insured, rather than some oral or written contract of insurance apart from the policy. And there are no facts which would create an estoppel as to the twelve-month limitation provision. The alleged representations of Pfeifer made to appellant and purportedly relied upon by him did not relate to the time of bringing suit, but to the insurance coverage intended. Since appellant, under a theory of estoppel, is in essence relying upon the policy of insurance as a basis for his claimed right, he is barred by the twelve-month period of limitation from asserting his claim.

The same is true as to appellant's claim for reformation of the contract of insurance. He asserts that the insurance policies should be reformed to provide the true coverage agreed upon by the parties, viz., coverage of earthquake loss. In so doing, appellant again relies upon the policies of insurance because he wants the policies to reflect the kind of insurance coverage that was intended. If appellant relies upon the policies, then he must acknowledge and becomes bound by the presence on the twelve-month limitation provision for bringing suit of the policies. He did not bring suit within twelve months after the inception of the loss, so his claim for reformation is barred.[4]

A different situation exists as to appellant's claims based upon an alleged breach of warranty to furnish insurance covering loss by earthquake, and upon the alleged negligent failure of appellees to obtain such insurance coverage. Here appellant does not rely upon any provision of the policies, but rather upon what ought to have been included in the policies but was not. Appellant's reliance is placed on matters outside the policies of insurance, and therefore his action against appellees is not one "on this policy", within the meaning of the limitation contained in the policies, and such twelve-month period of limitation has no application here.

The question is as to what statutory period of limitation is applicable. As to the claim based upon appellees' negligent failure to issue or obtain the intended insurance coverage, it is clear that the two-year statute of limitations respecting torts is applicable.[5] It is not so clear as to what statute of limitation applies to the claim based on a breach of warranty to obtain particular insurance. Appellees argue that

3. Hully v. Aluminum Co. of America, 143 F.Supp. 508, 513 (S.D.Iowa 1956), aff'd, Columbia Cas. Co. v. Eichleay Corp., 245 F.2d 1 (8th Cir. 1957).

4. Bankers Trust Co. v. Pacific Employers Ins. Co., 282 F.2d 106, 112 (9th Cir. 1960).

5. AS 09.10.070 provides:
No person may bring an action (1) * * * for any injury to the * * * rights of another not arising on contract and not specifically provided otherwise * * * unless commenced within two years.

allegations in appellant's complaint stated in terms of warranty are in reality allegations of negligence, so that the two-year statute applies. On the other hand, it might be argued that when one warrants that a certain thing is so or will be done, he is giving assurance or making a promise to that effect, and thus in essence is contracting for a certain performance. If this is so, then the six-year statute of limitation respecting contracts would appear to be applicable.[6]

■ Although characterization of the gist or gravamen of appellant's warranty claim is not free from difficulties, we believe that it is in tort for negligence.[7] The gist of appellant's claim here is that appellees warranted to appellant that the policies provided complete coverage, including coverage of earthquake loss, but that in fact this was not so because of appellees' negligent failure to include earthquake coverage. In essence what appellant is saying is that appellees misrepresented to appellant a state of facts and that such misrepresentation arose from appellees' negligence.[8] Misrepresentation and negligence are tort concepts, not contract, and the two-year statute of limitation respecting torts governs in this instance.

■ Appellee Fulton argues that any tort action against it accrued on the date the policy was delivered to appellant in 1961, and that the two-year limitation period for bringing a tort action had long since expired when suit was commenced in 1966. We take a different view. The statute of

limitation as to torts does not usually begin to run until the tort is complete. A tort is ordinarily not complete until there has been an invasion of a legally protected interest of the plaintiff.[9] Appellant's interest was in being protected against earthquake loss. There was no invasion, or infringement upon or impairment of such interest until there had been a loss by earthquake, because until that event occurred such protection could avail appellant nothing. His interest, which is legally protected, was in having such protection when it was needed, at the time of the loss and not before. Thus, in a case like this there must be an injury or harm to appellant as a consequence of appellees' negligence to serve as a basis for recovery of damages before the tort became actionable and before the period of limitation commenced to run.[10] As we have indicated, we have here in essence a claim for negligent misrepresentation. In the Restatement of Torts it is stated:

> A cause of action for misrepresentation in a business transaction is complete when the injured person has been deprived of his property or otherwise has suffered pecuniary loss or has incurred liability as a result of a misrepresentation.[11]

Since appellant's claim based upon appellees' negligent failure to procure or issue earthquake coverage, and appellant's claim based upon appellees' negligent misrepresentations, did not ripen until the earthquake loss occurred in March 1964, the statute of limitation did not commence to

6. AS 09.10.050 provides:
   No person may bring an action (1) upon a contract or liability, express or implied * * * unless commenced within six years.

7. See Pepsi-Cola Bottling Co. v. Superior Burner Serv. Co., 427 P.2d 833, 841 (Alaska 1967).

8. Howarth v. Pfeifer, 443 P.2d 39 (Alaska 1968).

9. Restatement of Torts § 899, comment c at 525 (1939).

10. Chrischilles v. Griswold, Iowa, 150 N.W.2d 94, 99 (1967); Walker v. Pacific

Indem. Co., 183 Cal.App.2d 513, 6 Cal. Rptr. 924, 925–926 (1960); Price v. Holmes, 198 Kan. 100, 422 P.2d 976, 980–981 (1967); Rosenau v. City of New Brunswick, 51 N.J. 130, 238 A.2d 169, 172–173 (1968); Atkins v. Crosland, 417 S.W.2d 150, 153 (Tex.1967); Fort Myers Seafood Packers, Inc. v. Steptoe & Johnson, 127 U.S.App.D.C. 93, 381 F.2d 261, 262 (1967), cert. denied, 390 U.S. 946, 88 S.Ct. 1033, 19 L.Ed.2d 1135.

11. Restatement of Torts § 899, comment c at 526 (1939).

run until that time, and appellant's action, instituted in February of 1966, was brought within the two-year statutory period. As to these claims for relief, the court was incorrect in granting summary judgment in favor of appellees on the ground that the action was barred either by the two-year statutory period of limitation respecting an action in tort.

Appellee Pfeifer moved for summary judgment separately from Fulton. He adopted Fulton's argument that appellant's action was barred by a period of limitation of action. But Pfeifer also contended that he was not a proper party defendant. His reasoning was that as a disclosed agent acting within the scope of his authority he could not be personally liable for any of appellant's claims.

■ In entering summary judgment in appellees' favor the court gave no reasons for its action. The court was not required to make findings of fact.[12] We know that the court must have adopted appellees' argument as to the limitation of action, because it ruled in appellee Fulton's favor and this was the only point raised by Fulton in his motion for summary judgment. We do not know, however, whether or not the court adopted Pfeifer's separate argument as to the non-liability of a disclosed agent acting within the scope of his authority. In the absence of such knowledge, and with no way of ascertaining this fact with certainty, we must indulge in presumptions. We may presume either that the court did or did not rule in Pfeifer's favor on his separate point of law. It is more logical to presume that the court did this, than it did not, because of the fact that the court ruled in Pfeifer's favor—stating in its order that "the summary judgment of the defendant Robert Pfeifer * * * is hereby granted * * *." Thus, we hold in such a situation that when the court grants a summary judgment in a party's favor without stating its reasons it will be presumed that there has been in effect a decision by the court in favor of such party on all points of law he has raised in support of his motion for summary judgment.[13]

■ Such a presumption appears to have been indulged in by appellant, because he has asserted in his statement of points on appeal that in ruling in Pfeifer's favor on the separate point of law raised by him the court was in error.[14] But we shall not decide that point on this appeal. The reason is that appellant has failed to even mention the point in his briefs, and therefore is presumed to have abandoned it.[15] It is for this reason that Pfeifer has moved to dismiss the appeal as to him. This motion is well taken.

As to appellee Pfeifer the appeal is dismissed.[16] As to appellee Fulton Insurance Company the summary judgment is set aside and the case remanded for further proceedings consistent with the views expressed in this opinion.

12. Palzer v. Serv-U-Meat Co., 419 P.2d 201, 205 (Alaska 1966).

13. Compare Ransom v. Haner, 362 P.2d 282, 285 (Alaska 1961).

14. Appellant's sixth statement of points on appeal states:
   The Court erred in basing the granting of the motion for summary judgment of defendant-appellee, ROBERT PFEIFER, upon any determination that such defendant-appellee was not the proper party defendant to the action which is the subject of this appeal. (R. 225)

15. McIntyre v. State, 379 P.2d 615, 617–618, 8 A.L.R.3d 1231 (Alaska 1963).

16. Dismissal of the appeal as to Pfeifer means that as to him the lower court's summary judgment remains in force.