721 P.2d 147

**Eva TOWNS, Plaintiff/Appellant,**

**v.**

**Frank W. FREY, Defendant/Appellee.**

**2 CA–CIV 5576.**

Court of Appeals of Arizona,
Division 1, Department A.

March 10, 1986.

Petition for Review Denied
May 16, 1986.

Clemans & Brune by Michael J. Brune, Tucson, for plaintiff/appellant.

Bury, Moeller & Humphrey by David C. Bury, Tucson, for defendant/appellee.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from the granting of a summary judgment in a legal malpractice action. The trial court held that the action was barred by the two-year statute of limitations for tort claims, A.R.S. § 12–542. Appellant contends this was error because she had an action against the appellee based on an oral contract which was not barred by the statute of limitations. We agree with appellant.

The record shows that on September 5, 1978, appellant bought an automotive battery for her automobile. It exploded the same day, causing considerable damage to her car. In late 1979 appellant came to see the appellee, and he accepted her case for a contingent fee, one-third of the recovery. He also obtained from her a cost deposit of $180. On June 30, 1980, appellee sent a letter to a prospective defendant, Trejo Oil Company, demanding $5,000 and stating that unless his client received the money within 15 days from the date of his letter, he would feel free to commence legal action.

The applicable statute of limitations on appellant's tort claim passed around September 5, 1980. Appellee failed to negotiate a settlement or to file a suit, and he did not inform appellant of this until around October 21, 1980. Appellant then retained present counsel to represent her against appellee. An action was filed in superior court alleging negligence and breach of contract, however, the case abated for failure to serve appellee. Appellant subsequently filed this action for breach of contract within the three-year statute of limitations provided for contracts not in writing in A.R.S. § 12–543.

Appellee's affidavit supporting his motion for summary judgment stated that he agreed with appellant to "process a claim to a satisfactory result." Appellee also admitted in appellant's request for admissions that the claim was not processed to a satisfactory result. Appellee's records show that on July 7, 1980, a complaint was drafted but was never filed. The record also contains a letter from appellant to appellee dated August 4, 1980, and received August 6, in which appellant tells appellee: "It will be two years this September. Is there a time limit for bringing suit?" In his answers to interrogatories, appellee responded that the reason the suit was not filed was because the applicable tort statute of limitations was not placed on his deadline calendar.

Appellant filed an affidavit in her opposition to the motion for summary judgment which stated in part:

"Around June, 1979 Mr. Frank W. Frey and I agreed that he would represent me as my attorney in my claim for damages from the explosion of my car's battery. There was no agreement between us that his work for me as my attorney would be limited to investigation or negotiation or writing a demand letter. We agreed that he would receive a contingent fee of ⅓ of any money.

recovered. The two possible responsible parties, Shell Oil Company and Trejo Oil Company, each denied responsibility and blamed the other. Mr. Frey told me that he would sue both and let them fight out the issue of responsibility between them. I authorized him to negotiate, but not to settle. I realized that Mr. Frey might be able to negotiate a settlement acceptable to me before filing suit, but I understood from his promises, as well as from the basic nature of our relationship and of my problem, that he would file suit if it was appropriate. He asked for and received from me a deposit of approximately $90 for the purpose of filing a lawsuit and serving process, which I never received back."

The determinative issue here is whether appellant's sole and exclusive claim against appellee was for negligence.

 Legal malpractice usually consists of both a tort and a breach of contract. *Long v. Buckley*, 129 Ariz. 141, 629 P.2d 557 (App.1981). If one is going to assert a breach of contract claim against a lawyer, the contract relied upon must itself contain an undertaking to do the thing for the nonperformance of which the action is brought. *Long v. Buckley*, supra. Thus, it has been held that a retainer agreement cannot form the basis for a malpractice action based upon contract. See *Yazzie v. Olney, Levy, Kaplan & Tenner*, 593 F.2d 100 (9th Cir.1979) and see *Long v. Buckley*, *supra*. In both of these cases, the retainer agreement concerned itself solely with the payment of fees for legal services and contained no mention of the specific services which were to be performed. That is not true of the oral contract which appellant seeks to assert here. Appellee here agreed to file a lawsuit, if necessary, and to achieve satisfactory results. The case sub judice is distinguishable from *Long v. Buckley*, supra, which is relied upon by appellee and was relied upon by the trial court. The trial court erred in granting summary judgment.

Reversed and remanded for further proceedings consistent with this opinion.

HATHAWAY, C.J., and FERNANDEZ, J., concur.