**Arthur K. WETTANEN, Appellant,**

v.

**Stephen C. COWPER, Appellee.**

**No. S-1882.**

Supreme Court of Alaska.

Feb. 5, 1988.

Rehearing Denied Feb. 22, 1988.

As Amended March 31, 1988.

---

Michael Jungreis, Anchorage, for appellant.

Scott L. Taylor, Hoppner & Paskvan, P.C., Fairbanks, for appellee.

OPINION

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

MATTHEWS, Justice.

Arthur Wettanen appeals from the superior court's order granting summary judgment and dismissing his attorney malpractice action against Stephen Cowper. The order was based upon the running of the two-year tort statute of limitations applicable to malpractice actions. We affirm.

I. FACTS AND PROCEEDINGS

For purposes of this appeal the factual allegations contained in Wettanen's verified complaint must be taken as true. It is from this perspective that the following facts are related.

In 1982, Wettanen was represented by Cowper in a civil action brought against Wettanen by the Harrisons for assault. Cowper had earlier represented Wettanen in a criminal assault case arising out of the same incident, and Cowper agreed to represent Wettanen in the civil action without further fees. Partial summary judgment had been entered finding Wettanen liable in the civil action, and trial was set for March 1, 1982 on the issue of damages. Wettanen's complaint alleged that Cowper failed to prepare for the trial, failed to inform Wettanen of the scheduled trial date, and failed to appear at the trial. In his answer to Wettanen's complaint, Cowper denied these allegations. For the purposes of this appeal, Mr. Wettanen's allegations are taken as true.

Prior to the trial, in February 1982, Cowper reached an agreement with the Harrisons' attorney to settle the case for $25,000 in compensatory damages. This stipulation was entered into without Wettanen's knowledge or authorization. On the day of trial, in Cowper's and Wettanen's absence, the Harrisons' attorney informed the court of the $25,000 stipulation. In a judgment entered on March 26, 1982, the court awarded the Harrisons $25,000 in compensatory damages, $15,000 in punitive damages, plus approximately $5,000 in attorney's fees and costs. The Harrisons' counsel later stipulated to an amended partial judgment of $25,000 in compensatory damages when Cowper objected that the Harrisons had obtained the judgment in excess of the agreed settlement. The amended partial judgment was entered on August 23, 1982. It left for future resolution the issues of punitive damages and attorney's fees.

Wettanen hired new counsel who moved to set aside the amended partial judgment. When this motion was denied Wettanen appealed. The appeal was dismissed because it was not from a final judgment. Eventually Wettanen stipulated with the Harrisons to judgment in the sum of $25,000 and a final judgment was entered in the *Harrison v. Wettanen* civil action on December 23, 1985. Wettanen had incurred some $8,000 in expenses for the work performed by his new counsel.

On December 23, 1985, Wettanen filed his complaint against Cowper for attorney malpractice, alleging that Cowper's failure to inform him of the trial date, and failure to prepare for and attend the trial was "negligent, grossly negligent, and willful." Further, Wettanen contended that Cowper had not been authorized to settle the case. Cowper moved for summary judgment on the grounds that the two-year tort statute barred the suit. Cowper's motion was opposed and granted. The court also awarded Cowper attorney's fees in the amount of $550, which was approximately 80% of the actual fees incurred.

## II. DISCUSSION

### A.

■ Wettanen argues that the six-year statute of limitations governing contract actions, AS 09.10.050, applies to this action rather than the two-year statute of limitations governing injuries to the rights of another not arising on contract. AS 09.10.-070. In *Van Horn Lodge v. White*, 627 P.2d 641, 643 (Alaska 1981), we held that where there was no evidence of an agreement to obtain a particular result or to do a particular thing, and the essence of plaintiff's complaint was negligence, the two-year period of limitations under AS 09.10.-070 was applicable to attorney malpractice actions. We explained:

> Van Horn's complaint sounded in tort, rather than contract. The duty that [the attorneys] allegedly breached was a duty of reasonable care imposed by law. The contract only gave rise to the duty; the claim that [the attorneys] breached an implied term of their contract of employment, to render competent and diligent legal services, is only a claim that they failed to exercise due care. There is no evidence of an agreement to obtain a particular result or to do a particular thing. Thus, we believe the essence of Van Horn's complaint was negligence, and the gravamen thereof lies in tort. Accordingly, the period of limitations found in AS 09.10.070, rather than AS 09.10.050, applies.

*Id.* Wettanen argues that his complaint alleges a breach of contract, because it is "implicit if not explicit" that where an attorney is retained to represent a client in a lawsuit, there is an agreement to do a particular thing—namely, to prepare for and attend trial—and the failure to appear at trial is the failure to do that particular thing.

Although Wettanen's argument is not without plausibility, it fails because he did not argue in the trial court that the six-year statute applied or that his complaint contained a claim for breach of contract. Instead, Wettanen argued that "AS 09.10.-070 requires that an action against an attorney in malpractice be brought within two years of the date the client discovers the existence of all the elements of his cause of action, and until the client suffers actual damages." He then argued that he did not incur actual damages until December 23, 1985. Thus, not only did Wettanen fail to raise the issue or argue for a contract action statute of limitations below, he implicitly conceded that AS 09.10.070 was applicable.

■ Arguments not raised in the trial court are waived and will not be considered on appeal, except to the extent that plain error has been committed. *Miller v. Sears*, 636 P.2d 1183 (Alaska 1981). Plain error exists where the trial court has made an obvious mistake, a circumstance which does not exist on these facts.

### B.

The next step is to determine when the statute of limitations began to run. In *Greater Area Inc. v. Bookman*, 657 P.2d 828, 829 (Alaska 1982), we adopted the discovery rule for attorney malpractice actions, and held that the statute of limitations does not begin to run until the client discovers or reasonably should have discovered the existence of all the elements of his cause of action. Moreover, if the client discovers his attorney's negligence before he suffers damages, the statute of limitations will not begin to run until the client suffers actual damages. *Id.* at 829 n. 3.

Wettanen argues on appeal, as he did below, that he did not suffer damages as a result of Cowper's malpractice until the date of final judgment in the *Harrison v. Wettanen* action, December 23, 1985. Based on the events in this case, Wettanen argues that he could not know the exact extent of his damages until the final judgment. The reason for the delay between March 26, 1982, the date of the first judgment, and December 23, 1985, the date of final judgment, was his effort to minimize damages.

Cowper argues that Wettanen suffered actual harm upon the entry of judgment against him on March 26, 1982, and that Wettanen knew both of Cowper's malpractice and of his damages by March 31, 1982. Cowper argues that Wettanen was also damaged by having to retain new counsel and to pay costs associated with appealing the trial court's denial of his motion to set aside the amended partial judgment. Cowper contends that it is not necessary that the client suffer all of the damages caused by the attorney's malpractice before the statute of limitations begins to run, nor that it is necessary that the client know the full extent of his damages. We agree with these arguments.

In *St. Paul Fire & Marine Insurance Co. v. Speerstra*, 63 Or.App. 533, 666 P.2d 255, 258, *petition denied*, 295 Or. 773, 670 P.2d 1036 (1983), an attorney malpractice action, the Oregon Court of Appeals held that the statute of limitations does not begin to run at the time at which the extent of damages becomes certain. Rather, the statute commences at the time that plaintiff incurs actionable harm. In that case, plaintiff was held to have suffered harm when the trial court's judgment was entered, because plaintiff was then required to either pay the judgment or the costs of appeal. Plaintiff argued unsuccessfully that the statute should not begin to run until the appeal was decided, because the appeal might have resulted in a more favorable outcome, or if not, damages would then have been irremedial.

In *Hunt v. Bittman*, 482 F.Supp. 1017, 1021–22 (D.D.C.1980), *aff'd*, 652 F.2d 196 (D.C.Cir.), *cert. denied*, 454 U.S. 860, 102 S.Ct. 315, 70 L.Ed.2d 158 (1981), Hunt argued that his attorney committed malpractice in advising him to plead guilty, and that the statute of limitations in his attorney malpractice action did not begin to run until the court of appeals affirmed his conviction. The court held, however, that the statute began to run on the date that Hunt was actually harmed, which was the date of his incarceration. Again, the guiding principle is that the statute of limitations commences to run when one is actually damaged as a result of the alleged malpractice, and that the commencement of the statute will not be put off until one learns the full extent of his damages. *See also Brown v. Babcock*, 273 Or. 351, 540 P.2d 1402, 1404–05 (1975) (suggesting "some damage" or "appreciable harm" is sufficient to commence statute of limitations in attorney malpractice actions).

Some jurisdictions apply the "continuous representation rule." "In those jurisdictions, when the injury to the client may have occurred during the period the attorney was retained, the malpractice cause of action does not accrue until the attorney's representation concerning the particular matter in issue is terminated." *Weisberg v. Williams, Connolly & Califano*, 390 A.2d 992, 995 (D.C.App.1978). While this rule has much to recommend it,[1] it does not help Wettanen for he discharged Cowper more than two years before the present suit was brought.

The facts are undisputed. They compel the conclusion that Wettanen knew of his cause of action against Cowper and suffered actual damages more than two years before this case was filed. Therefore, the superior court correctly granted Cowper's

---

1. The rule has its genesis in medical malpractice cases, but it applies to legal malpractice as well: just as it "would be ludicrous to expect a patient to interrupt a course of treatment by suing the delinquent doctor" it would be "premature and even presumptuous" for a client to sue his attorney while the attorney is still conducting the case. *Siegel v. Kranis*, 29 A.D.2d 477, 288 N.Y.S.2d 831, 834–35 (1968).

motion based upon the running of the statute of limitations.

### C.

Finally, Wettanen argues that the superior court's award of attorney's fees should be reversed. He does not argue that the court abused its discretion in awarding Civil Rule 82 fees, but only that since the grant of summary judgment was in error, Cowper cannot be the prevailing party. Because the grant of summary judgment was proper and Cowper is the prevailing party, the court's award of attorney's fees will not be disturbed.

The decision of the superior court is AFFIRMED.