W.C. JONES, Appellant,

v.

Brent WADSWORTH, Appellee.

No. S–2769.

Supreme Court of Alaska.

May 11, 1990.

---

Moshe Calberg Zorea, Anchorage, for appellant.

Byron D. Walther, Wadsworth & Associates, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Chief Justice.

This appeal involves a legal malpractice claim filed more than two years but less than six years after the cause of action accrued. The critical question is whether the claim is governed by the two-year statute of limitations applicable to tort actions, or the six-year statute of limitations applicable to contract actions.

### FACTS AND PROCEEDINGS

W.C. Jones approached Brent Wadsworth in 1974 or '75 to obtain his services in connection with two lawsuits Jones was pursuing. Jones claims that he was interested in hiring an attorney who would "move the case along in a prompt manner and who would keep [him] informed of all the developments." Jones apparently had three prior attorneys who failed to do these things for him. He claims that Wadsworth specifically promised to "move the case through the court system to trial expeditiously" and to "keep [Jones] informed and up to date on all the happenings in court." Wadsworth claims not to have promised to "provide any unique services" or to "guarantee any specific results."

The first case settled before trial. The second case, a federal case, proved more difficult. Wadsworth thought that problems of proof would limit the value of the suit, so he advised Jones to drop it. Jones wanted to pursue it, so Wadsworth told him to get another attorney. Jones hired Henry Taylor in February, 1979. Taylor asked Wadsworth to stay on in order to assist at trial, and Wadsworth agreed.

Jones went to work in Brazil in June, 1979. He left Wadsworth a phone number at which he could be reached, and requested Wadsworth to contact him with news of any developments.

While Jones was in Brazil, the federal district court issued an order dismissing Jones' case for lack of prosecution, but subject to reinstatement if Jones, within 30 days, posted a bond as security for costs and got an attorney who would promise to prosecute the case to final conclusion. Wadsworth admits negligently miscalendaring this order as requiring these things to be done within 90 days. Wadsworth did not inform Jones or Taylor of the order at the time. Wadsworth discovered his error after 60 days, at which point Taylor was notified, and Jones' wife was told to have Jones contact Wadsworth upon returning from Brazil.

The conditions of the federal court's order were complied with before 90 days passed, but the case was dismissed with prejudice. The case was appealed but the Ninth Circuit denied relief.

Jones sued Wadsworth and Taylor for malpractice on September 21, 1984, some five years after the expiration of the 30–day period following the issuance of the conditional order of dismissal. Jones claimed "neglect, ... willful neglect and deception" and sought restitution of attorney's fees, lost wages, damages, and punitive damages. Taylor's and Wadsworth's answers raised the statute of limitations as an affirmative defense. Jones amended his complaint to more specifically allege breach of contract. He claimed that "[d]ue to

Defendants' failure to notify me ... the case was thrown out of court."

On December 10, 1984, the trial court issued an order dismissing Jones' claims as time barred. Jones moved for reconsideration. On January 8, 1985, the court vacated its December 10, 1984 order to allow Jones to "maintain an action for breach of contract and ... pray for damages which are contractual in nature." Jones' second amended complaint stressed the contract, but continued to seek punitive damages and compensatory damages for "emotional disturbance," in addition to rescission, restitution and general damages.

Taylor was dismissed from the case by stipulation on July 24, 1987. Jones moved for summary judgment on liability and Wadsworth moved to dismiss. On March 30, 1988, the trial court issued an order dismissing Jones' claims as time barred. The court concluded that Jones' causes of action "sound[ed] in tort" because the "duty that Wadsworth breached was a duty of reasonable care imposed by law." Jones appeals.

DISCUSSION

This being a review of a summary judgment adverse to Jones, the nonmoving party, we must draw all reasonable inferences in his favor in determining whether there are any genuine issues of material fact, and whether Wadsworth was entitled to judgment as a matter of law. *See Drake v. Hosley,* 713 P.2d 1203, 1205 (Alaska 1986). Therefore, for purposes of this appeal, we assume as true Jones' allegation that Wadsworth expressly promised to "move the case through the court system to trial expeditiously" and to "keep [Jones] informed and up to date on all the happenings in court." Thus, the question presented is whether Jones' claim for breach of

these promises is an "action upon a contract" governed by the six-year statute of limitations of AS 09.10.050,[1] or is an action in tort for "injury to the person ... not arising on contract" governed by the two-year limitations period of AS 09.10.070.[2] We hold that Jones' claim for breach of these particular promises is an action in contract under AS 09.10.050.

The trial court dismissed Jones' claim finding AS 09.10.070 applicable because "[t]he duty that Wadsworth breached was a duty of reasonable care imposed by law." We agree that Wadsworth's alleged failure to handle Jones' case expeditiously and keep Jones informed quite possibly amounted to negligence under the standard of care imposed by law. But this was not the only source of these duties. Having specifically promised to both move the case to trial expeditiously and to keep Jones informed, Wadsworth was also under a contractual duty to do these things. That an identical duty may have been imposed by law did not negate the existence of a contractual duty expressly undertaken by Wadsworth. Therefore, we think that the alleged breach of this contractual duty brings Jones' claim within the purview of the contract statute of limitations.

Our position is supported by the decisions of many courts which have held that a contract statute of limitations applies to legal malpractice claims based on the breach of an express agreement. These cases often involve circumstances where the breach might also have been regarded as a tort. For example, in *Towns v. Frey,* 149 Ariz. 599, 721 P.2d 147 (Ariz.App.1986), the defendant attorney orally agreed to "file a lawsuit, if necessary, and to achieve satisfactory results," but failed to file the lawsuit. *Id.* at 149. The court noted that "[i]f one is going to assert a breach of

---

1. AS 09.10.050 states that

   [n]o person may bring an action (1) upon a contract or liability, express or implied, excepting those mentioned in AS 09.10.040 or 09.10.055; (2) for waste or trespass upon real property; or (3) for taking, detaining, or injuring personal property, including an action for its specific recovery, except those mentioned in AS 09.10.055; unless commenced within six years.

2. AS 09.10.070 states that

   [n]o person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise; (2) upon a statute for a forfeiture or penalty to the state; or (3) upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years.

contract claim against a lawyer, the contract relied upon must itself contain an undertaking to do the thing for the nonperformance of which the action is brought." *Id.*, (citation omitted). It then held that the contract statute of limitations applied. *See also Yazzie v. Olney, Levy, Kaplan & Tenner*, 593 F.2d 100, 104 (9th Cir.1979) (construing Arizona law) (for a cause of action to be founded upon a written contract, the instrument itself must contain a promise to do something for the nonperformance of which the action is brought).

Similarly, in *Pittman v. McDowell, Rice & Smith*, 12 Kan.App.2d 603, 752 P.2d 711 (1988), the defendant attorney expressly agreed to file a journal entry with the court to secure child support payments, but failed to do so. *Id.*, 752 P.2d at 713. The court stated that the attorney "failed to perform a duty arising under or imposed by agreement, which is in contract" and that the attorney "breached a duty arising from an express agreement of the parties." *Id.*, 752 P.2d at 718. It then held that the contract statute of limitations applied. *Id. See also Sherman Indus., Inc. v. Goldhammer*, 683 F.Supp. 502, 507 (E.D.Pa. 1988) (construing Pennsylvania law) (to sustain a claim under a breach of contract theory, plaintiff must show that there was a contract and that defendant breached a specific provision of the contract); *Whitehouse v. Quinn*, 443 N.E.2d 332, 337 (Ind. App.1982) (claim predicated upon the nonperformance of an express promise contained in a written attorney-client contract is governed by the statute of limitation applicable to written contracts); *Newsom v. Boothe*, 524 So.2d 923, 927 (La.App. 2 Cir. 1988) (contract statute of limitations applies when an attorney warrants a specific result and fails to obtain it, or agrees to do certain work and does nothing whatsoever); *Juhnke v. Hess*, 211 Kan. 438, 506 P.2d 1142 (1973) (attorney's failure to file timely appeal, as promised, was breach of a specific contract for purposes of a contract statute of limitations).

Wadsworth argues that our decision in *Van Horn Lodge, Inc. v. White*, 627 P.2d 641 (Alaska 1982) requires application of the tort limitations period. We disagree. In *Van Horn*, the plaintiff claimed that the defendants breached an *implied* term of their attorney-client agreement whereby the defendants allegedly promised to render competent and diligent legal services. We decided that the contract limitations period was inapplicable, stating:

> [Plaintiff's] complaint sounded in tort, rather than contract. The duty that [defendants] allegedly breached was a duty of reasonable care imposed by law. The contract only gave rise to the duty; the claim that [defendants] breached an implied term of their contract of employment, to render competent and diligent legal services, is only a claim that they failed to exercise due care. *There is no evidence of an agreement to obtain a particular result or to do a particular thing.* Thus, we believe the essence of [plaintiff's] complaint was negligence, and the gravamen thereof lies in tort. Accordingly, the period of limitation found in AS 09.10.070, rather than AS 09.10.050, applies.

*Id.* at 643 (emphasis added) (citations omitted).

Unlike *Van Horn*, the present case involves an *express* agreement "to do a particular thing." Jones claims that Wadsworth expressly promised to move the case to trial expeditiously and to keep Jones informed. The essence of such a claim is in contract, and thus the contract limitations period should apply. As we stated in *Austin v. Fulton Ins. Co.*, 444 P.2d 536, 539 (Alaska 1968):

> [W]hen one warrants that a certain thing is so or will be done, he is giving assurance or making a promise to that effect, and thus in essence is contracting for a certain performance. If this is so, then the six-year statute of limitation respecting contracts would appear to be applicable. (Footnote omitted) [3]

---

**3.** Ultimately, we decided that the malpractice action in *Austin* was governed by the torts statute of limitations because the action was for

negligent misrepresentation of facts, rather than failure to perform a particular promise, and

Wadsworth also contends that application of the contracts statute of limitations in this case will open the door to artful pleading, such that *"every* case involving professional malpractice would become a 'contract case'," thus invoking the longer limitations period. We disagree. Our holding is limited to the situation where the malpractice action is premised on the non-performance of a specific promise contained in an express contract.

Furthermore, the prospect of "every" attorney malpractice case being governed by the contract statute of limitations is not necessarily undesirable. Under our current approach, the court must determine whether such an action is based on the breach of an express contractual duty or merely an implied one. As an original proposition this would seem to be a needless exercise since the six-year statute applies to all contract liabilities, express or implied. AS 09.10.050. We thus may question the validity of the *Van Horn* dichotomy between tort and implied contract duties on the one hand, and express contract duties on the other.[4]

As the Supreme Court of Hawaii has explained:

> In the absence of a legal malpractice statute, most jurisdictions permit a plaintiff the choice between the contract or tort limitations periods depending on how the complaint is framed. *See* Note, *Attorney Malpractice*, 63 Colum.L.Rev. 1292, 1309 (1963). These jurisdictions seem to recognize that in most cases the difference between a contractual breach of the oral agreement between an attorney and his client, in which the attorney expressly or impliedly promises to exercise his best efforts on the client's behalf, and a tortious breach by an attorney of his duty of due care in handling a client's affairs turn on the phraseology employed in the complaint.

This court should avoid applications of the law which lead to different substantive results based upon distinctions having their source solely in the niceties of pleading and not in the underlying realities. We agree with the reasoning of Justice Tobriner, writing for a unanimous California Supreme Court in *Neel v. Magana, Olney, Levy, Cathcart & Gelfand,* [6 Cal.3d 176, 98 Cal.Rptr. 837, 840, 491 P.2d 421, 424 (1971)], that *regardless of the nomenclature used by the plaintiff in a legal malpractice suit, all such actions should be governed by the same statute of limitations.* This follows from the proposition that, in reality, a claim of injury resulting from the professional incompetence of an attorney is actionable under theories which are an amalgam of both tort and contract. *See generally* Prosser, *The Borderland of Tort and Contract, in Selected Topics on the Law of Torts* 380, 423 (1954).

*Higa v. Mirikitani,* 55 Haw. 167, 517 P.2d 1, 4–5 (1973) (emphasis added). In accordance with the cited California case, the *Higa* court then held that all legal malpractice claims "which have as their gravamen injury to intangible property interests" come within the statute of limitations for contract actions. *Id.*

Although we think there is considerable merit to the *Higa* court's approach to the limitations question, the present case does not require reconsideration of the approach we took in *Van Horn.* This action was commenced within six years of Wadsworth's alleged breach of an express promise to do a particular thing. Therefore, the trial court erred in dismissing and its judgment is reversed. The action is remanded for further proceedings, consistent with this opinion.

REVERSED AND REMANDED.

was therefore an action in tort. *Austin,* 444 P.2d at 539.

**4.** In *Wettanen v. Cowper,* 749 P.2d 362, 364 (Alaska 1988) we noted that an argument to the effect that the six-year statute governed an attorney malpractice action where the attorney failed to appear for trial was "not without plausibility" because it is "implicit if not explicit" that an attorney retained to represent a client will attend trial.

MOORE, Justice, with whom BURKE, Justice, joins, dissenting.

The court concludes that since Jones' cause of action is on an express rather than an implied contract, the action is governed by the six year statute of limitations, AS 09.10.050, and not the two year statute, AS 09.10.070. In reaching this conclusion, the court ignores and impliedly rejects a number of our cases interpreting these statutes of limitations. On the strength of cases applying Arizona, Indiana, Kansas, Louisiana, and Pennsylvania law, the court bases its decision upon a distinction that has no basis in Alaska law. The proper inquiry in applying the statutes of limitations is whether the cause of action sounds in tort or contract. Since I believe that Jones' cause of action sounds in tort, I would hold that Jones' claim is barred by the two year statute. Therefore, I respectfully dissent.

Because contract law has its historical origins in tort law as the writ of assumpsit and because people often have contractual relations with those to whom they owe a duty of care, it is sometimes difficult to distinguish an action sounding in contract from one sounding in tort. However, this court consistently has applied the two year statute of limitations when the gravamen of the dispute is in tort and the six year statute of limitations when the gravamen of the dispute is in contract.[1]

The court's decision to apply the six year statute of limitations is based upon Jones' allegation of an express contract. The court distinguishes our decision in *Van Horn Lodge, Inc. v. White*, 627 P.2d 641 (Alaska 1981) on the ground that *Van Horn* involved an implied contract while Jones alleges an express contract. This distinction is plainly at odds with AS 09.10.-050, which states that the six year statute of limitations applies in all actions "upon a contract or liability, *express or implied*." (Emphasis added). The relevant inquiry is whether this is an action upon a contract at all. If the action is essentially a tort action, the two year statute of limitations applies regardless of whether the alleged contract was express or implied.[2]

Reliance upon the dichotomy between tort and contract for the purpose of determining the appropriate limitations period is well placed. In tort cases, recovery is relatively easy. However, because duties arise by operation of law and the outcome is likely to depend upon disputed facts, the statute of limitations grants potential defendants repose and extinguishes stale claims after only two years. Contract law imposes greater obstacles to recovery than tort law.[3] The longer limitations period is

---

1. *Wettanen v. Cowper*, 749 P.2d 362, 364 (Alaska 1988) (two year period applicable to attorney's failure to appear at trial); *Municipality of Anchorage v. Sisters of Providence in Wash., Inc.*, 628 P.2d 22, 35 (Alaska 1981) (six year period applicable to "action for money had and received"); *Van Horn Lodge, Inc. v. White*, 627 P.2d 641, 643 (Alaska 1981) (two year period applicable to attorney's withdrawal immediately before a deadline); *Austin v. Fulton Ins. Co.*, 444 P.2d 536, 538–39 (Alaska 1968) (two year period applicable to action for "breach of warranty to obtain particular insurance"); *Silverton v. Marler*, 389 P.2d 3, 4–5 (Alaska 1964) (two year period applicable in personal injury case against innkeeper).

2. *See Austin v. Fulton Ins. Co.*, 444 P.2d 536, 538–39 (Alaska 1968) (action on insurance agent's express promise to provide insurance covering loss by earthquake, which he negligently breached, sounded in tort because it was essentially an action for negligent misrepresentation of a state of facts). Faced with the language of the statutes, which provide a six year limitations period in actions "upon a contract or liability, express or implied," AS 09.10.050, and

a two year limitations period in actions "for any injury to the ... rights of another not arising on contract," AS 09.10.060, one might also conclude that the six year limitations period should apply to all cases, including malpractice cases, arising out of a contractual relationship. The court implies that it might so hold at some point in the future. *See supra* p. 1017. I am unwilling to overrule a line of cases dating to the earliest years of this court in order to reach that result.

3. W.P. Keeton, *Prosser and Keeton on the Law of Torts* § 92, at 665–66 (5th ed. 1984). For example, on remand this case must be treated as an action upon an express contract. Therefore, Jones must prove the formation of a contract and its terms by a preponderance of the evidence. "Vagueness of expression, indefiniteness and uncertainty as to any of the essential terms of an agreement, have often been held to prevent the creation of an enforceable contract." *Hall v. Add–Ventures, Ltd.*, 695 P.2d 1081, 1087 (Alaska 1985). If the Agreement of Representation is an integrated writing, the parol evidence rule would prohibit consideration of evidence

appropriate because contract duties are assumed voluntarily and contract cases in general are less likely to depend upon testimonial evidence that quickly grows stale.

The gravamen of Jones' suit is in tort, not contract. Jones' claim is that Wadsworth is responsible for his case being dismissed because Wadsworth negligently missed a court-imposed deadline. Jones maintains that this claim sounds in contract because Wadsworth specifically agreed to "move the case through the court system to trial expeditiously" and to keep Jones "informed and up to date on all the happenings in court." In legal malpractice cases, we have held that the six year statute of limitations applies only when there was "an agreement to obtain a particular result or do a particular thing." *Van Horn*, 627 P.2d at 643. This must be an agreement to do more than is required by law. *See id.* As a lawyer, Wadsworth was already bound to proceed expeditiously with Jones' case and to keep Jones informed.[4] Nothing in the record suggests that Wadsworth undertook any greater duties than he otherwise had. Like *Van Horn*, this case involves an agreement to provide legal services of the same quality that all lawyers have a duty to provide. As indicated above, the court's effort to distinguish *Van Horn* on the ground that it involved an implied contract is not principled. This case is essentially a tort action for legal malpractice. Therefore, the action should be barred by the two year statute of limitations applicable to legal malpractice cases.

The court's decision will have several harmful consequences. Perhaps most important, by ruling that Wadsworth's representations of his professional obligations constituted an express promise actionable under the six year statute of limitations, the court creates an undesirable incentive for lawyers to avoid discussing their professional responsibilities with their clients. Lawyers will be reluctant to discuss their professional obligations knowing that a unilateral representation may extend what otherwise would be a two year limitations period for malpractice actions to six years.

In addition, the court's opinion inevitably will lead to the development of two separate lines of malpractice cases, one in tort and one in contract. The results of malpractice cases should not turn on the choice between these analytic frameworks. Finally, the court forces the superior court to engage in the highly speculative enterprise of determining whether a contract between Jones and Wadsworth was formed,[5] what its terms were, whether it was breached, and what the correct measure of damages is.

"of antecedent understandings and negot[ia]tions ... for the purpose of varying or contradicting the writing." *Kupka v. Morey*, 541 P.2d 740, 747 n. 9 (Alaska 1975). If a contract was in fact formed, the terms of that contract may have been modified, particularly in conjunction with Jones' departure for Brazil. *See Slaymaker v. Peterkin*, 518 P.2d 763, 765 (Alaska 1974). Since this is a contract action and not a tort action, damages may be given only for injuries that are the natural consequences of the breach or probable consequences contemplated at the time of the formation of the contract. *Arctic Contractors, Inc. v. State*, 564 P.2d 30, 44–45 (Alaska 1977); *see also Trimble v. City and County of Denver*, 697 P.2d 716, 731 (Colo. 1985) (damages for mental suffering). Because Jones could not recover punitive damages in tort due to the statute of limitations, he is entitled to punitive damages in contract only if Wadsworth's breach was outrageous or malicious. *See Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1286 (Alaska 1985).

4. *See* Alaska Code of Professional Responsibility, Canon 6 (competent representation); Disciplinary Rule 7–101(A)(1) (lawyer shall not fail to seek client's lawful objectives), 7–101(A)(2) (lawyer shall not fail to perform contract for professional services); Ethical Consideration 7–7 (client shall make substantive decisions), 7–8 (lawyer should ensure that client's decisions are informed), 7–9 ("A lawyer should always act in a manner consistent with the best interests of his client."), 7–39 (lawyer shall assist in making tribunals' decisional processes prompt and just).

5. I believe that if the law of contract is applied to Wadsworth's representations, no contract was formed. It is not reasonable to believe that Wadsworth intended an express covenant to do that which he was already obligated to do by virtue of his being a lawyer. Moreover, the alleged agreement is not sufficiently certain to constitute a legally enforceable contract. *See Hall v. Add–Ventures, Ltd.*, 695 P.2d 1081, 1087 (Alaska 1985). Since there was not an enforceable contract, the two year statute of limitations should apply.

In sum, the court's distinction between express and implied contracts has no basis in law. Its decision to apply the six year statute of limitations where there was no agreement to do anything other than that which is required by law is contrary to our decisions in *Van Horn* and every other case construing the statutes of limitations. For these reasons I respectfully dissent.